Mr. Justice MILLER
 

 delivered the opinion of the court.
 

 The fourth ground of demurrer — that the bill shows that the claim was stale, barred by the statute, &c. — is sufficiently answered by the averment of the bill that the plaintiff, Eliza House, was a
 
 feme covert
 
 from the time she parted with the possession until the year 1868, the bill being filed in 1871.
 

 The third ground — that the defendants are improperly joined — is equally indefensible, as the bill shows that defendants all claim through a deed from her, which deed she alleged to be void for want of her free consent in making it.
 

 If the case should come to a hearing the contest must turn upon the validity of this deed, in which all the defendants have a common interest. Besides, she asks to have her half divided or partitioned off to her. To obtain that she is not obliged to file a separate bill against each of the twenty-two defendants, if she is entitled to a half of the whole lot on partition.
 

 The two first causes of demurrer may be treated together.
 

 The bill is fatally defective in joining Mary Hunter and her husdand, Charles Hunter, as plaintiffs, and making no allegation or averment of any interest whatever which they have in the matter.
 

 It is suggested by counsel for appellants that Mary Hunter is the child of Eliza House, and that the statement of this fact is omitted by a mere accident. But we have no evi. deuce that Mary Hunter is the child of Eliza House, except
 
 *46
 
 the statement of appellants’ brief; nor could any evidence of that fact be admitted under this bill.
 

 The authorities are very clear that such a misjoinder, or the bringing a suit by a plaintiff' who shows no interest of any kind in the suit, is fatal to the bill if taken on demurrer or answer. We must in this suit hold that they have no interest, as none is alleged, though it seems almost incredible that when this was distinctly pointed out as a ground of demurrer the counsel did not ask leave to amend, either by stating their interest or striking out their names.
 

 The demurrer was, therefore, properly sustained and the bill dismissed, as the presumption must be that no leave to amend was asked.
 
 *
 

 But when a bill is dismissed for misjoinder of parties it settles nothing but that the suit cannot progress in that condition ; and if parties will not or cannot amend so as to remove that difficulty, the court will go no further, but will dismiss the bill. It does not and cannot, in the nature of things, conclude either party upon the merits of the matter in controversy, and the plaintiffs, or any one of them, should be at liberty to bring another bill, with proper parties, in regard to the subject-matter of the first one. And the right to do this cannot be doubted when it appears plainly that the first bill was dismissed either for want of necessary parties or for a misjoinder of parties, or when by the terms of the decree the bill is dismissed without prejudice.f
 

 But neither of these things appear in the present case. There are grounds stated in the demurrer which would, if sustained, be a .bar to any other suit, to wit, staleness of the claim, statute of limitations, and long acquiescence in the possession and claim of title by defendants. It does not appear by the decree, or by the order sustaining the demurrer, on which of the grounds set out in the latter it was
 
 *47
 
 sustained, or oil what ground the bill was dismissed. As the record stands this decree might be pleaded successfully as a :bar to any other bill brought by Eliza House, or by Mary Hunter, her child, in assertion of her right to this lot, though we are of opinion that the only defect in the bill is that it shows no interest in Mary Hunter, while it does show a good cause for equitable relief on the part of Eliza House. If the decree had dismissed the bill without prejudice,
 
 *
 
 or had stated as the ground of dismissal the misjoinder of parties, or want of interest in two of them, we would haye affirmed it, but, to prevent what may be a great injustice, we must reverse the present decree and remand the case, with directions to allow plaintiffs to amend their bill as they may be advised, and if they fail to do this within a reasonable time, to dismiss it without prejudice.
 
 †
 

 Reversal and remand accordingly.
 

 *
 

 Story’s Equity Pleadings, §§ 509, 544; Mitford’s Equity Pleadings, 6th American edition, 177, side paging, 154; Page
 
 v.
 
 Townsend, 5 Simons, 395; King of Spain
 
 v.
 
 Machado, 4 Russell, 225; Cuff
 
 v.
 
 Platell, Ib. 242; Bill
 
 v.
 
 Cureton, 2 Mylne & Keen, 503, 512.
 

 †
 

 Story’s Equity Pleading, § 541.
 

 *
 

 Story’s Equity Pleading, § 541.