## BURGETT v. UNITED STATES.
### No. 5504.

Circuit Court of Appeals, Seventh Circuit.
Nov. 15, 1935.

Edward H. S. Martin, of Chicago, Ill., for appellant.

Michael L. Igoe, U. S. Atty., and Edmond Sullivan, Asst. U. S. Atty., both of Chicago, Ill.

Before EVANS and ALSCHULER, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

On the 30th day of December, 1932, appellant filed his petition in the District Court to recover under the terms of a war risk insurance contract. The petition is in the usual form and alleged that appellant was totally and permanently disabled on the 15th day of June, 1919, the date of his discharge from the Army, and that he is therefore entitled to receive the insurance payments as provided in such contract. No premium was paid by appellant, or any other person in his behalf, after the date of his discharge.

The appellee challenged the jurisdiction of the court in a motion to dismiss, wherein it contended that no disagreement is shown to have existed, as required by law, before the commencement of the suit. A jurisdictional issue was thus presented, and a stipulation was filed waiving a jury for the purpose of the trial of such issue. It was further provided in the stipulation that, if the issue as to the jurisdiction is decided in favor of the appellant, then the cause shall be assigned for trial at a later date upon the merits.

The Director is, under the law, given express authority to adopt reasonable rules and regulations to govern the procedure, proofs, evidence, etc. in the prosecution of a claim for insurance before him. Pursuant to such authority, certain rules and regulations were adopted. The reasonableness of a regulation thus adopted wherein evidence of total and permanent disability is required to be furnished by a claimant is attacked by appellant. The District Court found that such regulation "relative to the claim for disability benefits is a reasonable and proper regulation and is not inconsistent with the provisions of this Act. * * * That the plaintiff failed to comply with the regulations of the Administrator, and that there has been no denial of the claim by the Administrator or any person or persons delegated with authority to deny the claim on his behalf." It was therefore ordered "that the above entitled cause be, and the same is, hereby dismissed."

The ruling of the District Court upon the reasonableness of the regulation and the absence of a disagreement is assigned by appellant as error. He also attacks the form of the judgment, in that it does not recite that the cause is dismissed "for want of jurisdiction," and that such judgment does not also recite that the dismissal was made without costs; the action being prosecuted in forma pauperis.

Under date of June 12, 1931, appellant wrote a letter to the "Insurance Claims Council, U. S. Veterans' Bureau, Washington, D. C.," wherein he made application for the payment of his war risk insurance upon the ground of his being totally and permanently disabled since the 15th day of June, 1919, the date of his discharge from the Army. An examination of this letter discloses the fact that it was not accompanied by any evidence as to his physical condition, either at the time of his discharge, or at the time of the writing of the letter. It simply stated: "I hereby apply for payment of my War Risk Insurance at the rate of $57.50 per month since June 15, 1919, at which time I had $10,000.00 insurance in full force and effect. I make this application on the ground of my total and permanent disability at and ever since that date. * * *"

There can be no doubt but that this letter constitutes a valid claim under the provision of section 19 of the World War Veterans' Act, as amended by Act July 3, 1930, § 4 (38 U.S.C.A. § 445), which reads as follows: "The term 'claim' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits."

There is another section of the same act, however, which must be given consideration in determining the questions presented, as follows: "The director * * * shall administer, execute, and enforce the provisions of this chapter, and for that purpose shall have full power and authority to make rules and regulations, not inconsistent with the provisions of this chapter which are necessary or appropriate to carry out its purposes. * * * The director shall adopt reasonable and proper rules to govern the procedure of the divisions and to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits of compensation, insurance." Section 5,

World War Veterans' Act, as amended by Act July 3, 1930, § 1 (38 U.S.C.A. § 426).

Pursuant to the provisions of section 5, supra, the Director adopted a rule, known as Regulation No. 3202, as follows: "3202. Claim for Disability Benefits Under Insurance. A Claim for permanent and total disability benefits under a contract of insurance is in writing which alleges permanent and total disability at a time when the contract was in force, or which uses words showing an intention to claim permanent and total disability insurance benefits. However, the claimant may be required to furnish a statement in support of his claim on forms provided by the Veterans' Administration, and such additional information concerning his industrial activities and physical and mental condition as may be required by the Veterans' Administration."

Upon receipt of the claim of appellant, the Administration, by letter under date of June 26, 1931, acknowledged receipt thereof and inclosed therein a certain form in the nature of a questionnaire, wherein certain information was sought concerning his industrial activities, etc., and respectfully asked that he execute and return the same. This form (No. 579) was prepared under authority of the regulation providing for the furnishing of "a statement in support of his Claim," and was intended to supply the Administration with such information with reference to his industrial activities, etc. as was necessary to enable it intelligently to pass upon the merits of his claim, or at least to give a basis for an investigation concerning the validity of such claim. The appellant absolutely refused to execute such questionnaire or to furnish any information requested. It is his contention that he has complied with the statute and has done all that is necessary for him to do when he has filed his claim. It is shown conclusively under the evidence in this case that the Administration did everything within its power to induce appellant to furnish it the information necessary for an intelligent determination of the merits of his claim. Such information was refused not only once, but many times. He was rather indignant at the suggestion that he be required to furnish information concerning his physical condition, industrial activities, etc., and so expressed himself in several letters which he wrote to the Administration. Correspondence continued for several months, and the same form was forwarded to him at least two or three times, with the request that he execute and return the same, but he refused, and finally an appeal was allowed him as to the necessity of his furnishing such information. Under date of December 8, 1932, the Administrator's Board of Appeals sustained the decision of the Administrator and held that the appellant should supply the information requested. Within a few days thereafter this suit was instituted without any denial upon the part of the administration of the claim or, in fact, without any expression upon its part as to the merits thereof.

 The government cannot be sued without its consent. Such consent may be given under such terms and conditions as it deems wise and just. Under the War Risk Insurance Act, the government has given its consent to be sued, but only after a claim has been filed and disallowed. In other words, there must be a disagreement between the claimant and the government as to the merits of the claim before a suit may be instituted. The Veterans' Bureau is made the instrumentality through which negotiations for the allowance of a claim for insurance are to be conducted. The law provides that: "In the event of disagreement as to claim, * * * under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States * * * in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies." Section 19, World War Veterans' Act, as amended by Act July 3, 1930, § 4 (38 U.S.C.A. § 445).

It is apparent that it was the intention of Congress that in all claims for war risk insurance an opportunity must be given the government to determine the merits of a claim before leave is given to institute a suit. Such procedure is beneficial to both the claimant and the government. It may be that, if the claimant supplies the required evidence, no suit will be necessary, but the claim may be allowed and paid. The wisdom of such a procedure cannot be questioned. In the

instant case, correspondence between appellant and the Administration continued over a period of approximately a year and a half, and many letters were exchanged. In no instance, however, did appellant show any disposition to furnish any information as to his physical condition, industrial activities, etc., except such as may be found within his "file." In each letter he stated, however, that "I am willing at all times to be examined. Other than that I have no additional evidence to offer."

The law specifically gives to the Director authority to "adopt reasonable and proper rules." If the filing of a claim is all that is necessary to be done by the claimant, then it would seem that no rules or regulations are necessary. However, such could not have been the intention of Congress. It is necessary that certain rules and regulations be adopted, and a rule requiring the claimant to support his claim with evidence, as required under the regulation in question, is not unreasonable. The appellant should not hesitate to furnish the Administration such information as is within his power, in order to assist it in determining the validity of his claim. If he cannot answer all the questions submitted in the form, he should so state and thereby show his willingness to assist the Administration in arriving at a conclusion as to whether or not it should allow his claim without litigation. It is apparent that, under the law, the Director has authority to adopt rules and regulations for the administration of the act in question, and the regulation attacked by appellant is a reasonable one in the administration thereof. As disclosed by the record in this case, the Administration has been exceedingly diligent in its efforts to obtain information concerning the merits of appellant's claim, and any delay has been occasioned solely by his refusal to cooperate, and by the arbitrary position assumed by him. His claim has never been denied, and no disagreement is shown to exist. Therefore the District Court was without jurisdiction to dispose of the case upon its merits.

The appellant also contends that the order of dismissal should have stated the reasons therefor; that is, that such cause was dismissed for "want of jurisdiction." An examination of the record discloses the fact that such action was dismissed upon motion of appellee. The ground for such dismissal is stated in the order; namely, that no disagreement exists, as required by law. Furthermore, the stipulation of the parties recites that the question of jurisdiction is the only question submitted to the court. Such a record will not preclude a hearing upon the merits if appellant prosecutes his claim further before the Administration, and such claim is denied. The order of the District Court cannot be said to be res adjudicata as to the merits in the instant case. See Swift v. McPherson, 232 U.S. 51, 34 S.Ct. 239, 58 L.Ed. 499; Pueblo de Taos v. Archuleta (C.C.A.10th) 64 F.(2d) 807.

Neither is the fact that the order of the District Court is silent as to the costs sufficient ground to disturb such order. That question may be determined by the District Court if an attempt is made to tax such costs against appellant.

The claim of appellant is yet pending, and he should furnish such information as is within his power to support it. If he continues to so refuse to furnish such information, he cannot complain of the delay of the Administration in acting upon his claim. This is not a case in which all available information has been furnished by claimant, and yet the Administration refuses to act. The refusal of the Administration to act is proper, in view of the fact that the appellant has refused absolutely to furnish it any information upon which it may act intelligently.

The judgment is affirmed.