## COMPAGNIE GENERALE TRANSATLAN-TIQUE v. GOVERNOR OF THE PAN-AMA CANAL et al.

### No. 8314.

Circuit Court of Appeals, Fifth Circuit.

May 26, 1937.

James J. Lenihan, of Washington, D. C., L. S. Carrington, of Ancon, Canal Zone, and Octavio Fabrega, of Panama City, R. P., for appellant.

Lucian Y. Ray, Sp. Atty., in Admiralty, of New Orleans, La., and J. J. McGuigan, U. S. Atty., of Ancon, Canal Zone, for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, as owner of the steamship Wisconsin, brought this suit against "the Panama Canal as a public utility operated as a waterway," the "Governor of the Canal as charged with the operation and management, and designated as the opposite party in a claim for damages to vessels by navigat-ing in the Panama Canal and through the locks," and one Tawes, a canal pilot. The claim was that the Wisconsin, having paid her tolls and while in the canal in the vicinity of buoys No. 73 and No. 74, was, through the careless, negligent, and unskill-ful navigation of the pilot in a thick fog, run aground.

It was alleged that the claim and the facts of the injury and damage had been sub-mitted to the Governor of the Panama Canal and he had disallowed and rejected the claim. The Governor by demurrer, and the Panama Canal, by special appearance, pleaded to the jurisdiction.

The District Judge, in a carefully con-sidered opinion holding that the Panama Canal was not suable at all, and that consent to sue the Governor was limited to claims for damages "caused from the passing of vessels, through the locks," sustained their objections to the jurisdiction and dismissed the complaint as to them. In the opinion it was pointed out that not only was there no allegation that the damages had occurred in the locks, but it was affirmatively alleged that they had occurred while the vessel was being navigated in a fog in the canal.

Appellant assails this ruling, putting for-ward three grounds. The first was that the suit against the Governor of the Panama Canal and the Panama Canal was not a suit against the United States or involving its sovereignty, so as to require specific statu-tory consent to maintain it. In support of this position it was contended that the Unit-ed States District Court for the Canal Zone had general jurisdiction to entertain it with-out special provision as a suit against the canal and the Governor, who in charge of it, had taken toll for, the passing of the Wis-consin through, the canal, where their serv-ants and agents had caused the damage to her.

The second was that, if the suit be re-garded as one against the United States, it was not one requiring it consent to sue, because one for the recovery of damages for injuries caused by it while engaged in purely private and nongovernmental busi-ness, not involving its sovereignty and sov-ereign exemption from suit. Third, it ar-gues that, if consent was necessary, the statute authorizing action against the Gov-ernor for "damages to vessels by passing through the locks" confers authority for suits for damages caused while in any part of the canal.

226

Appellant devotes most of its original, and all of its supplemental brief to the first two points. Arguing that immunity from suit as an attribute of sovereignty is a doctrine alien to our scheme and theory of popular government, it seeks to make the ghosts of Chisholm v. Georgia, 2 Dall. 419, 1 L.Ed. 440, and United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171, walk again. Arguing that immunity must be confined within the narrowest limits, and insisting that it does not extend to protect the United States from suits while engaged in commercial transactions, it invokes the analogy of the tax cases of South Carolina v. United States, 199 U.S. 437, 26 S.Ct. 110, 50 L.Ed. 261, 4 Ann.Cas. 737; Helvering v. Powers, 293 U.S. 214, 55 S.Ct. 171, 79 L.Ed. 291; United States v. California, 297 U.S. 175, 56 S.Ct. 421, 80 L.Ed. 567; Indian Motocycle Co. v. United States, 283 U.S. 570, 51 S.Ct. 601, 75 L.Ed. 1277; Brush v. Commissioner, 57 S.Ct. 495, 81 L.Ed. ——.

■ Interesting as dialectics, as these speculations are, they have no place here, for this suit, though in name and by fiction against the Panama Canal, a mere designation of a governmental activity, and the Governor of the Canal Zone, is in fact a suit for tort brought against the United States in its governmental capacity for an affirmative judgment which it must pay and not against persons, incorporate or unincorporate, in their personal capacity. Being such a suit, it may not be maintained except as consented to. People of New York ex rel. Richard Reid Rogers v. Mark Graves, 57 S.Ct. 269, 81 L.Ed. ——; decided Jan. 4, 1937; Minnesota v. Hitchcock, 185 U.S. 373, 22 S.Ct. 650, 46 L.Ed. 954; Burgett v. United States (C.C.A.) 80 F.(2d) 151, 104 A. L.R. 167; Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434; United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598; The Western Maid, 257 U. S. 419, 42 S.Ct. 159, 66 L.Ed. 299; Anniston Mfg. Co. v. Davis (C.C.A.) 87 F.(2d) 773; Boeing Transport v. Farley, 64 App.D.C. 162, 75 F.(2d) 765; United States v. Babcock, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011.

■ The third question depends for its determination upon the construction to be given the section of the statute authorizing suit against the Governor of the Canal Zone. This section 1319, Title 48 U.S.C.A., authorizes the issuance of regulations providing for the "prompt adjustment by agreement and immediate payment of claims for damages which may arise from injury to vessels, cargo, or passengers from the passing of vessels through the locks under the control of those operating them under such rules and regulations." It provides "In case of disagreement suit may be brought in the district court of the Canal Zone against the Governor of the Panama Canal. The hearing and disposition of such cases shall be expedited and the judgment shall be immediately paid out of any moneys appropriated or allotted for canal operation."

Appellant vigorously assails the correctness of the contention on which appellees prevailed below, that the section deals with and gives consent to sue only on those claims arising "from injury * * * from the passing of vessels through the locks." It does not provide for settlement of, it does not consent to suit for, damages arising in the course of ordinary navigation of the canal.

Appellant argues that a reasonable and proper construction of the statute would be to take the reference to locks in the statute as embracing the whole canal, for ships cannot pass through the canal without passing through the locks, nor through the locks without passing through the canal. Appellee on its side fortifies its contention for the limited meaning by reference to testimony before, and the reports of committees of, the Congress which enacted the legislation. These show that the matter of the extent to which liability was assumed and claim and suit permitted was carefully and concisely considered, and the provision for it was carefully and exactly worded to limit claim and suit to injuries while passing through the locks. It points to the differences made throughout the rules and regulations the statute authorizes between vessels being drawn through the locks and those being navigated in the open waters of the canal. These show beyond question, we think, that the damages for which suit may be maintained are only those caused while ships are prepared for being, and are being, drawn through the locks, and that the statute and regulations make no provision for claim or suit for damages occurring elsewhere. Rule 89, on which appellant relies for the construction it contends for, supports, we think, an exactly opposite conclusion. Drawn to cover the responsibility for damages to vessels in locks, it precisely declares that this responsibility is assumed "from the time the first tow line is made

fast on board before entrance, and continues until the towing lines are cast off upon departure from the lock chamber." We think language could hardly make more clear than this does that the damages for which claim and suit are provided are those occurring while the vessel is in the locks, and not those occurring outside of them.

The judgment dismissing the complaint as to appellees for want of jurisdiction was right. It is affirmed.