Carlos **ESTEVA, Jr., Plaintiff-Appellant,**

v.

The **HOUSE OF SEAGRAM, INC.,**
Defendant-Appellee.

No. 13815.

United States Court of Appeals
Seventh Circuit.

Feb. 11, 1963.

Rehearing Denied April 15, 1963.

Rehearing Denied April 15, 1963,
en banc.

Jay E. Darlington, Hammond, Ind., for appellant.

Louis A. Kohn, Patrick W. O'Brien, Chicago, Ill., Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., of counsel, for appellee.

Before KNOCH, CASTLE and KILEY, Circuit Judges.

CASTLE, Circuit Judge.

In August of 1955, Carlos Esteva, Jr., plaintiff-appellant, commenced this diversity action in the District Court against Browne-Vintners Co., Inc. and certain other defendants[1] to recover damages in the sum of $1,000,000.00 alleged to represent "unjust enrichment" obtained by the defendants through a conspiracy by which the plaintiff was induced to furnish certain information, advice, formulas and processes in reliance upon representations made to him with respect to benefits and positions he was to receive in return but of which he was deprived as a part of the conspiracy. On March 13, 1962, the District Court dismissed the action, with prejudice, for want of prosecution. The plaintiff appealed.

From the contentions advanced by plaintiff it appears that the basic contested issues which emerge from his appeal are (1) whether the District Court abused its discretion in entering the judgment order of dismissal, and (2) whether the court erred by entering such a final judgment without making and entering express findings of fact and conclusions of law.

The dismissal action was taken by the court *sua sponte* after the trial judge had waited an hour beyond the appointed time for plaintiff and his counsel to appear on the second day of the trial. In taking such action the trial judge pointed out that on numerous other occasions the case had been continued because of inability of the plaintiff to be ready for trial and that at all times counsel for the plaintiff had been late.

The record discloses that about thirty days prior to March 12, 1962, the cause was set for trial[2] on that date with the explicit understanding that the case would be tried at that time. On the call of the case, March 12, 1962, both sides waived opening statements. Counsel for the plaintiff requested and was granted a short recess to complete the marking of certain exhibits. Plaintiff's counsel then proceeded to offer in evidence as plaintiff's exhibits 1 to 66, inclusive, certain documents consisting of articles of incorporation and annual reports of Browne-

1. Jurisdiction was not obtained over the other defendants and on March 13, 1962, The House of Seagram, Inc., defendant-appellee, was substituted for the original defendant Browne-Vintners Co., Inc. as the surviving corporation resulting from a merger of the two Delaware corporations.

2. An order had previously been entered under Rule 21 of the District Court that the issue of liability be tried separately and first.

Vintners Co., Inc. and other corporations. Following a colloquy precipitated by defendant's objection to the admissibility of these exhibits the trial judge announced he would proceed by first hearing the testimony of the plaintiff. The offer of the exhibits was temporarily withdrawn.

Counsel for plaintiff stated that he was then at the point where he had meant to put the plaintiff on the stand but he would not be ready to so proceed that afternoon because the plaintiff was not then in fit condition to testify due to inadequate sleep for two nights because of tooth trouble. Counsel advised the court that there was every reason to believe that the plaintiff would be able to testify on the following morning. On interrogation by the court the plaintiff stated that he had slept about three hours the night before, and but about two hours the night before that; that he was physically able to testify but mentally tired and unable to testify.

The court then put the case over until 10:30 A.M. the next day, March 13, 1962, but admonished plaintiff and his counsel that:

"I will expect to proceed expeditiously * * *. We will start at ten-thirty tomorrow morning. I will expect counsel to be here, and we will put in a full court day until this is disposed of."

and that there be "no delay either in marking or anything else during the balance of the trial." Neither plaintiff nor his counsel made any objection.

On the following day, neither plaintiff nor his counsel was in court at 10:30 A.M. and they had not arrived by 11:30 A.M. The court in dismissing the cause, with prejudice, for 'want of prosecution made the following statement for the record:

"The Court wishes to state for the record that this case was called for trial on March 12. It had been set some thirty days in advance with the explicit and complete understanding that this case would be tried at that time.

"Counsel for the plaintiff appeared with the plaintiff and at that time moved for a continuance, giving as an excuse that the plaintiff had not had enough sleep as a result of tooth difficulties, to proceed with the trial. After careful consideration the Court continued this case until this morning at 10:30, with the explicit understanding that counsel would be here.

"It is now 11:30, and counsel for the plaintiff has not shown up in this cause. On numerous other occasions this case had to be continued because of inability of the plaintiff to be ready for trial. At all times counsel for the plaintiff has been late. * *

"I am of the opinion that this plaintiff and plaintiff's counsel have taken advantage of the Court here."

The court noted that plaintiff's counsel was the same attorney whose failure to appear for a pre-trial conference had resulted in a dismissal of the plaintiff's action in Link v. Wabash Railroad Company, 7 Cir., 291 F.2d 542, affirmed 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734.

The plaintiff points to no justification for his and his counsel's failure to appear at the appointed time for the resumption of the trial but contends that because the trial court had not been yet informed as to the cause of the delay at the time it entered the order of dismissal it was without authority to make such a disposition of the cause. We are not persuaded by such contention. The District Court was obviously aware of the ground upon which it predicated its action. That it was unaware of the justification, if any existed, for the failure of plaintiff and his counsel to appear is of no import in the posture in which the case reaches us. We do not have for consideration here any question of abuse of discretion in failing to grant relief from a judgment of dismissal but only a question as to the propriety of the original exercise of the power of dismissal on the facts disclosed. The plaintiff elected to appeal the case in this posture. We are of the opinion that Link v. Wa-

bash Railroad Company, supra, is fully dispositive of that issue. It was there pointed out (370 U.S. 626, 629–633, 82 S.Ct. 629–630, 8 L.Ed.2d 734) that:

> "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.
>
> \* \* \* \* \* \*
>
> "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. \* \* \*
>
> "Nor does the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing necessarily render such a dismissal void. It is true, of course, that 'the fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked.' Anderson National Bank v. Luckett, 321 U.S. 233, 246 [64 S.Ct. 599, 88 L.Ed. 692]. But this does not mean that every order entered without notice and a preliminary adversary hearing offends due process. The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct. The circumstances here were such as to dispense with the necessity for advance notice and hearing.
>
> "In addition, the availability of a corrective remedy such as is provided by Federal Rule of Civil Procedure 60(b)—which authorizes the reopening of cases in which final orders have been inadvisedly entered —renders the lack of prior notice of less consequence. \* \* \*
>
> "Whether such an order can stand on appeal depends not on power but whether it was within the permissible range of the court's discretion."

And here, as in Link (p. 636, 82 S.Ct. p. 1391) plaintiff points to nothing to indicate that the failure to appear "was other than deliberate or the product of neglect."

█ It is our conclusion from a careful scrutiny of the record, including consideration of the history of the antecedent delays in the cause as well as the circumstances surrounding the incident which ultimately precipitated the dismissal, that there was no abuse of discretion in the District Court's dismissal of plaintiff's action.

█ We find no merit in plaintiff's contention that the failure of the District Court to make and enter express findings of fact and conclusions of law requires a reversal of its judgment of dismissal. The summary jurisdiction here exercised was not within the purview of Rule 52(a) of the Federal Rules of Civil Procedure (28 U.S.C.A.). Plaintiff's action was not "tried upon the facts". It was dismissed for plaintiff's failure to proceed with the trial upon the facts at the appointed time. And, in any event, the district judge's statement for the record was sufficient to indicate the factual basis for the ultimate conclusion and action, within the spirit and intent of Rule 52(a), and to adequately fulfill the rule's purpose as an aid to the appellate court on review.

Plaintiff has addressed part of his argument to the propriety of the order substituting defendant-appellee for Browne-Vintners Co., Inc., the original party defendant. Apart from the fact that the order of substitution is beyond the scope of plaintiff's notice of appeal, he has pointed to nothing which in our opinion made the substitution erroneous

or adversely affected the court's jurisdiction.

The judgment order of the District Court is affirmed.

Affirmed.