**Ouida J. WEISSINGER a/k/a Ouida Boyd and Mrs. George Boyd, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 24639.**

United States Court of Appeals, Fifth Circuit.

March 10, 1970.

T. Paine Kelly, Jr., Charles W. Pittman, Tampa, Fla., for appellants.

John C. Eldridge, Jack H. Weiner, Stephen R. Felson, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before JOHN R. BROWN, Chief Judge, and RIVES, WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON and MORGAN, Circuit Judges.

GODBOLD, Circuit Judge:

The court sitting en banc recedes from and overrules the decision of the majority of the panel in this case. The judgment of affirmance is vacated, and the judgment of the lower court is reversed with direction to enter judgment for the appellant.

We base our decision on Rule 41(b), Fed.R.Civ.P. Thus we need not discuss further the other ground presented in the dissenting opinion of the writer as a member of the panel, concerning principles of res judicata apart from Rule 41(b).

In the first trial of this case, at the conclusion of the government's evidence, the defendant moved to dismiss the case for failure of the government to prove its cause of action. The trial judge denied the motion and asked that the defendant put on her evidence, and she did so. At the conclusion of that full-blown trial, and after filing of briefs, the court entered lengthy and detailed findings of fact and conclusions of law on numerous issues, some of fact, some of law and some mixed.[1] The trial judge

---

1. The issues determined included these:

(1) Whether defendant was a minor when she executed either or both guaranty agreements. The court found she executed one when a minor, the other after she reached majority.

(2) As to the guaranty signed during minority, whether defendant had failed to disaffirm upon reaching majority or within a reasonable time thereafter. The court found she had failed to seasonably disaffirm.

(3) Whether statutes of limitations of Georgia, and laches under Georgia law, barred the government's claim. The court held they did not.

(4) Whether the United States was a proper party plaintiff or whether the action had to be brought on behalf of the payee (Reconstruction Finance Corporation) or the Small Business Ad-

ministration as its successor or assign. This issue was found in favor of the government.

(5) Whether demand had to be made on defendant. The court found that demand was necessary.

(6) Whether demand had been made by letter. The court found that it had not been made.

(7) Whether service of the complaint was a demand. The court found it was not.

(8) Whether the defendant had hidden out so as to obviate the necessity for written notice of demand. The court held she had not.

(9) Whether, under the terms of the guaranty agreements, the fact that the government had obtained a judgment against another guarantor for the full amount of the debt discharged the

found in favor of the government on most of the issues. But he concluded as matters of law that a demand on defendant was necessary and that the filing of the complaint was not a sufficient demand, and he found as matters of fact that demand had not been made on defendant by letter and that defendant had not secreted herself so as to eliminate the necessity for demand. The court concluded the action should be dismissed and entered a judgment of dismissal with prejudice.

Rule 41(b) provides (we number the sentences for reference):

(1) For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. (2) After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. (3) The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. (4) If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). (5) Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal

for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The procedure followed by counsel and the trial judge in this case is that contemplated and provided by the second and third sentences of Rule 41(b), and it was carried out in the manner required by the fourth sentence.

"The second sentence of Rule 41(b) provides, in a court-tried action, for an involuntary nonsuit—a dismissal, on defendant's motion made at the close of plaintiff's case, of plaintiff's action or of any claim made against the defendant, because upon the facts and the law the plaintiff has shown no right to relief as against the moving defendant." 5 Moore, Federal Practice, ¶ 41.13[1], at 1145–46 (2d ed. 1969). See also 2B Barron & Holtzoff, Federal Practice & Procedure, § 919 at 146 (Wright ed. 1961). This procedure is analogous to the motion for directed verdict in a jury trial. In fact, the phrase of the second sentence, "in an action tried by the court without a jury" was added by amendment in 1963 to remove a confusing overlap in provisions of Rule 41(b) and the motion for a directed verdict under Rule 50(a).[2]

■ The trial judge may conclude, as occurred in this case, that it is inadvisable to sustain the defendant's motion midway in the trial and that the trial should be completed. The denial amounts to no more than a refusal to enter judgment at that time, a tentative and inconclusive ruling on the question of the plaintiff's proof. It does not pre-

---

defendant in the absence of evidence that the judgment had been paid. The court held defendant was not discharged.

(10) Whether several extensions of time for payment of the notes, granted without notice to or consent of the defendant, discharged the defendant. The court construed the guaranty agreements and concluded that, under the agreements as construed, the defendant was not discharged.

(11) Based on a stipulation the principal and interest due on each note was found. Presumably this removed from the case a defense (not referred to by the court in its findings) that the RFC had failed to realize upon collateral.

2. See full discussion, Moore, *supra*, ¶ 41.13[1], at 1146 et seq.

clude the trial judge from making, at the conclusion of the case, findings and determinations at variance with his prior tentative ruling. Armour Research Foundation of Illinois Institute of Technology v. Chicago, R. I. & P. R. R., 311 F.2d 493 (7th Cir.), cert. denied, 372 U.S. 966, 83 S.Ct. 1091, 10 L.Ed.2d 129 (1963); Moore, *supra*, ¶ 41.13[4], at 1159.

When the defendant makes a Rule 41(b) motion to dismiss for insufficiency of the plaintiff's evidence it becomes the duty of the court to weigh and evaluate the evidence. 2B Barron & Holtzoff, *supra*, § 919 at 149–150. If the defendant's Rule 41(b) motion is granted *on the merits*, the court must make findings as required by Rule 52(a). The fourth sentence of Rule 41(b) says so. This court has said so. Trask v. Susskind, 376 F.2d 17 (5th Cir. 1967); Benton v. Blair, 228 F.2d 55 (5th Cir. 1955).[3] We have set out above the many matters on which findings were made in this case.

The findings of fact thus required, and made in this case, are like any other findings of fact—they are not to be set aside on appeal unless clearly erroneous. Trask v. Susskind, *supra;* Benton v. Blair, *supra.* They cannot be supported by evidence not admitted at the time defendant's motion was sustained. Charles v. Judge & Dolph, Ltd., 263 F.2d 864 (7th Cir. 1959); Moore, *supra,* ¶ 41.13[4], at 1160.

The full-blown trial in this case, the lengthy and careful findings of fact and conclusions of law, followed immediately by a judgment entry of dismissal with prejudice, all done in accordance with the structured procedure of Rule 41(b), make it plain that what the court entered was an involuntary nonsuit on the merits. Otherwise the elaborate and careful consideration and disposition of every legal and factual issue, affirmative and defensive, was an exercise in sheer futility.

The fifth sentence of Rule 41(b) does not change, but reinforces, what we have said. Its language could not be plainer. It establishes a procedure for construing the general and ambiguous dismissal order, one which does not say whether it is with or without prejudice. An order of dismissal is an adjudication upon the merits unless the order "otherwise specifies." [4] This sentence seeks to avoid "any need for speculation as to the intent of the court and the effect of its dismissal order *where the order fails to indicate whether or not it is with prejudice."* Moore, *supra,* ¶ 41.14[1], at 1176 (emphasis added). In Kern v. Hettinger, 303 F.2d 333 (2d Cir. 1962), the Second Circuit recognized that the fifth sentence means what it says. It declined to go behind a dismissal order which did not state whether or not it was with prejudice, saying:

> [I]n view of the unequivocal language of Rule 41(b), and the absence [from the dismissal order] of the words "without prejudice," we must and do decide that the dismissal was on the merits and that it was intended to be on the merits.

303 F.2d at 340. The scheme of the Rules to give full effect to unambiguous dismissal orders which specify that they are "with prejudice" or "without prejudice," and to eliminate argument over

---

3. See also Esteva v. House of Seagram, Inc., 314 F.2d 827 (7th Cir. 1963), holding that the Rules do not require findings of fact and conclusions of law where there is dismissal with prejudice for failure to prosecute, but only where plaintiff's case has been tried upon the facts.

4. This effect is given to ambiguous dismissal orders which arise under Rule 41(b) itself (dismissal on defendant's motion for plaintiff's failure to prosecute, or to comply with rules or order of court, or failure of plaintiff to prove his claim) and to dismissals not provided for in Rule 41 (such as dismissal by the court *sua sponte* for want of prosecution or failure of proof, Moore, *supra*, ¶ 41.14[1], at 1173).

what nonspecifying orders mean, is demonstrated by Rule 41(a) (1) which makes a voluntary dismissal by plaintiff, or a dismissal by stipulation, one without prejudice "[u]nless otherwise stated in the notice of dismissal or stipulation," and 41(a) (2), which makes certain voluntary dismissals on order of the court ones without prejudice "[u]nless otherwise specified in the order."

The fifth sentence does not make the involuntary dismissal, entered pursuant to the second, third and fourth sentences, with findings and conclusions entered as required, and stated to be with prejudice, any less than what it is. The fifth sentence sets out exceptions to its "operative effect" rule—dismissals for lack of jurisdiction, or for improper venue, or for lack of an indispensable party. But in trying to determine after the event what a dismissal order means one never reaches the "operative effect" rule if the order says on its face what it means, i.e., "otherwise specifies."

Thus, the last sentence of Rule 41(b) provides that, *unless the court otherwise specifies,* a dismissal under Rule 41(b)—*i.e.,* a dismissal on *defendant's* motion for plaintiff's failure to prose-

cute, or to comply with the rules or any order of court, or for failure to prove a claim—and any dismissal not provided for in Rule 41—other than a dismissal for lack of jurisdiction, or for improper venue, or for lack of an indispensable party—operates as an adjudication on the merits.

Moore, *supra,* ¶ 41.14[1], at 1170–72. (Initial emphasis added.)

Cases such as Costello v. United States, 365 U.S. 265, 81 S.Ct. 534, 5 L. Ed.2d 551 (1961), are concerned with non-specifying orders, and, for such orders of uncertain meaning, seek to determine the scope of the "lack of jurisdiction" exception to the "operative effect" principle of the fifth sentence.[5]

The first sentence of Rule 41(b) governs dismissals for hampering the court's orderly and expeditious conduct of its affairs—failure of the plaintiff to prosecute or to comply with the rules or any order of court. Whether a dismissal order stated to be with prejudice, and entered pursuant to this first sentence— which has nothing to do with a merits determination—may be subjected to reopening in a later case, is a matter not now before us.[6] But, in any event, going

---

5. In *Costello* the dismissal order did not specify whether it was with or without prejudice. It had not been entered pursuant to the second, third and fourth sentences of Rule 41(b). The court made no findings of fact or conclusions of law. However, *Costello* articulates the binding effect of the dismissal order entered pursuant to the second, third and fourth sentences of Rule 41(b):

"All of the dismissals enumerated in Rule 41(b) which operate as adjudications on the merits—failure of the plaintiff to prosecute, or to comply with the Rules of Civil Procedure, or to comply with an order of the Court, or to present evidence showing a right to the relief on the facts and the law —primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them. It is therefore logical that a dismissal on one of these grounds should, unless the Court otherwise specifies, bar a subsequent action."

365 U.S. at 286, 81 S.Ct. at 545, 5 L.Ed. 2d at 565 (emphasis added).

6. Disciplinary dismissals entered with prejudice under the first sentence have frequently been tempered on direct appeal, but, of course, the concern there is not res judicata effect in a subsequent case but appellate review in the same case for abuse of discretion. *E. g.,* Durham v. Florida E. C. Ry., 385 F.2d 366 (5th Cir. 1967).

Saylor v. Lindsley, 391 F.2d 965 (2d Cir. 1968) dealt with the res judicata effect, in a stockholder derivative suit, of such a dismissal order entered in an earlier derivative suit by a different stockholder and stating that it was with prejudice. The order had been granted for failure of the stockholder to file a $50,000 bond as security for costs. The court held the order did not bar maintenance of a second suit. The merits had never been reached, and the stockholder class had never had an opportunity to present their claims, in fact not even the most preliminary aspects of the case had been con-

behind such an order, if ever allowed, is not authority that a dismissal specified to be with prejudice, entered after full trial on all issues and with complete findings and conclusions, may be treated as a mere warm-up for another trial if the unsuccessful party decides, without an appeal, that he would like to go around the track again. We find no case in which any court has allowed that.

The judgment of affirmance is vacated and remanded with instructions to enter judgment for the defendant.

RIVES, Circuit Judge, dissenting, with whom WISDOM, GEWIN and AINSWORTH, Circuit Judges, join.

The majority bases its decision on Rule 41(b), Fed.R.Civ.P. In so doing, however, it becomes essential for it to determine that the earlier dismissal is an adjudication upon the merits. That is true because the Supreme Court has made it clear that Rule 41(b) does not "change this common-law principle with respect to dismissals in which the merits could not be reached for failure of the plaintiff to satisfy a precondition." Costello v. United States, 1961, 365 U.S. 265, 286, 81 S.Ct. 534, 545, 5 L.Ed.2d 551. The majority holds that "An order of dismissal is an adjudication upon the merits unless the order 'otherwise specifies.' "[1] With deference, I submit that holding misconceives the effect of the Supreme Court's decision in *Costello, supra.* The "common-law principle with respect to dismissals in which the merits could not be reached" was explicitly described by the Court:

"At common law dismissal on a ground not going to the merits was not ordinarily a bar to a subsequent action on the same claim. In Haldeman v. United States, 91 U.S. 584, 585–586 [23 L.Ed. 433], which concerned a voluntary nonsuit, this Court

said, 'there must be at least one decision on a *right* between the parties before there can be said to be a termination of the controversy, and before a judgment can avail as a bar to a subsequent suit * * * There must have been a right adjudicated or released in the first suit to make it a bar, and this fact must appear affirmatively.' A similar view applied to many dismissals on the motion of a defendant. In Hughes v. United States, 4 Wall. 232, 237 [18 L.Ed. 303], it was said: 'In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit.' See also House v. Mullen, 22 Wall. 42, 46, [89 S.Ct. 42, 22 L.Ed. 838]; Swift v. McPherson, 232 U.S. 51, 56 [34 S. Ct. 239, 241, 58 L.Ed. 499]; St. Romes v. Levee Steam Cotton Press Co., 127 U.S. 614, 619 [8 S.Ct. 1335, 1338, 32 L. Ed. 289]; Burgett v. United States [7 Cir.], 80 F.2d 151 [104 A.L.R. 167]; Gardner v. United States [9 Cir.], 71 F.2d 63.

"We do not discern in Rule 41(b) a purpose to change this common-law principle with respect to dismissals in which the merits could not be reached for failure of the plaintiff to satisfy a precondition. All of the dismissals enumerated in Rule 41(b) which operate as adjudications on the merits— failure of the plaintiff to prosecute, or to comply with the Rules of Civil Pro-

---

sidered. The defendant had not been put to the inconvenience of defending. Also the record did not even make clear that the cost bond, in default of which the dismissal had occurred, had validly been

required. None of those factors is present in the case before us.

1. Text preceding footnote 4 to majority opinion.

cedure, or to comply with an order of the Court, or to present evidence showing a right to the relief on the facts and the law—primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them. It is therefore logical that a dismissal on one of these grounds should, unless the Court otherwise specifies, bar a subsequent action. In defining the situations where dismissals 'not provided for in this rule' also operate as adjudications on the merits, and are not to be deemed jurisdictional, it seems reasonable to confine them to those situations where the policy behind the enumerated grounds is equally applicable." (365 U.S. 285–286, 81 S.Ct. 545.)

Rule 41(b) expressly excepts from its operation "a dismissal for lack of jurisdiction."[2] Speaking of that exception the Supreme Court said:

"We regard the exception as encompassing those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim." (365 U.S. 285, 81 S.Ct. 545.)

True in *Costello* the dismissal did not specify that it was without prejudice, while here the dismissal is expressly stated to be "with prejudice." The majority undertakes to distinguish *Costello* because of that factual difference.[3] The difference does, of course, impose a heavy burden upon the plaintiff to prove that the dismissal was not on the merits. Whether or not the plaintiff meets that burden, however, is not dependent upon Rule 41(b) but upon common-law principles. There is nothing in Rule 41(b) making the use of the words "with prej-

udice" conclusive evidence against the plaintiff—indeed those words "with prejudice" nowhere appear in the Rule. The Rule simply and completely excepts from its operation "a dismissal for lack of jurisdiction." *Costello* holds that exception to include a dismissal in which the merits could not be reached for failure of the plaintiff to satisfy a precondition and clearly indicates that whether the dismissal was on the merits or for lack of jurisdiction must be determined on common-law principles. Insofar as the operation of Rule 41(b) is concerned, *Costello* cannot be properly distinguished from this case.

On common-law principles the plaintiff clearly and conclusively met its burden. The judgment itself referred to the court's "findings of fact and conclusions of law in this cause." Even without such a reference, the Supreme Court has clearly established that findings of fact and conclusions of law may be used in determining the scope and effect of the Court's judgment.[4]

The district court had entered detailed findings of fact and conclusions of law (R. pp. 56–65). As to each of the first ten numbered defenses the court concluded in almost identical language that "the defense is denied." (R. pp. 62–64). The dismissal was based solely on the eleventh and last defense, as clearly appears from the conclusion quoted verbatim in the panel's original opinion 423 F.2d 785. There the defense was referred to "as a condition precedent to payment of any amount due under the agreements" and the reason for dismissal was clearly stated in the concluding sentence. "Therefore, the Small Business Administration has failed to comply with the provision requiring a written demand upon the defendant; and the action should be dismissed." 423 F.2d 785.

---

2. See the last sentence of Rule 41(b) numbered 5 in the majority opinion, particularly the phrase "other than a dismissal for lack of jurisdiction."

3. See footnote 5 to majority opinion and the related text.

4. Great Lakes Dredge & Dock Co. v. Huffman, 1943, 319 U.S. 293, 295, 63 S.Ct. 1070, 87 L.Ed. 1407; Swift v. McPherson, 1914, 232 U.S. 51, 56, 34 S.Ct. 239, 58 L.Ed. 499. See other cases cited in 30A Am.Jur. Judgments, § 457, p. 501; 50 C.J.S. Judgments § 842, p. 409.

802

No question arises as to any possible harassment of the defendant occasioned by the filing of the suit before making demand for payment. Primarily that is true because no such question was presented below or passed on by the district court. The district court declined to follow the holding of this Court in Texas Water Supply Corp. v. R. F. C., 5 Cir.1953, 204 F.2d 190, 193, that the filing of a suit is a sufficient demand in an action on a guaranty of this type. No appeal having been prosecuted from that holding, it is of course binding on the plaintiff under principles of collateral estoppel. Nonetheless, the earlier holding of this Court is practically conclusive of the plaintiff's good faith in filing suit without making demand for payment. Further the claimed precondition defense could have been raised first by motion, Rule .12(b), Fed.R.Civ.P., and summary judgment could have been sought on the ground that the action was premature. Instead the defendant filed its claimed ten defenses on the merits on September 30, 1964 (R. 46), and waited for more than three months until January 18, 1965 before presenting its "Motion to File Additional Defense" to the effect that no written demand for payment had been made (R. 51, 52). In brief, the district court has made no holding of harassment, the record is conclusive that the plaintiff did not intend to harass the defendant, and, if the alleged precondition had been raised first by the defendant, she probably would not have had to prepare for trial on the merits in the first action.

Any suggestion that demand for payment is not merely a precondition to suit but is an integral part of the merits of the action is not sound for several reasons, *inter alia*: 1. The district court found the written demand to be a "condition precedent" to payment of any amount under the agreements (R. 65, 66), and did not treat it as any part of the merits of the action. 2. The terms of the guaranty agreements themselves waive notice of default and go no further than to require written demand for payment.[5]

The prior judgment was truly a dismissal "with prejudice" as to the re-litigation of the questions actually decided. Estevez v. Nabers, 5 Cir.1955, 219 F.2d 321, 324. All that the district court in the first action could properly mean by the words "with prejudice" was that the plaintiff could not again contest the issues of whether a demand was necessary, and, if so, whether one had been made.[6] The words "with prejudice", under the circumstances of this case, do not show that the claim or cause of action is barred. When read in the light of the findings of fact and conclusions

5. Some of the pertinent provisions read as follows:

"The undersigned waives any notice of the incurring by the Debtor at any time of any of the Liabilities, and waives any and all presentment, demand, protest or notice of dishonor, nonpayment or other default with respect to any of the Liabilities and any obligation of any party at any time comprised in the collateral. * * *

"In case the Debtor shall fail to pay all or any part of the Liabilities when due, whether by acceleration or otherwise, *according to the terms of said note*, the undersigned, immediately upon the written demand of Reconstruction Finance Corporation, will pay to Reconstruction Finance Corporation the amount due and unpaid by the Debtor as aforesaid, in like manner as if such amount constituted the direct and primary obligation of the undersigned. Reconstruction Finance Corporation shall not be required, prior to any such demand on, or payment by, the undersigned, to make any demand upon or pursue or exhaust any of its rights or remedies against the Debtor or others with respect to the payment of any of the Liabilities, or to pursue or exhaust any of its rights or remedies with respect to any part of the collateral. The undersigned shall have no right of subrogation whatsoever with respect to the Liabilities or the collateral unless and until Reconstruction Finance Corporation shall have received full payment of all the Liabilities." (R. p. 7.)

6. It may be significant that the same district judge caused both judgments to be entered.

of law, they show no more than that the plaintiff is precluded from relitigating the issues actually decided against it.

Since the findings of fact and conclusions of law establish that the action was dismissed solely because the plaintiff "failed to comply with the provision requiring a written demand upon the defendant (R. 65)," the addition of the phrase "with prejudice" cannot forever preclude the plaintiff from collecting its debt. That is in accord with the uniform rulings of all previous cases, federal and state, where the phrase "with prejudice" has been added to an order of dismissal which the record showed was made for a reason which did not touch the merits.[7]

The majority decision is based upon the form of the judgment. Instead, the substance of the matter actually decided should control.

I respectfully dissent.

7.  Saylor v. Lindsley, 2 Cir. 1968, 391 F.2d 965, 969; Durham v. Florida East Coast Railway Co., 5 Cir. 1967, 385 F.2d 366, 367; Pueblo de Taos v. Archuleta, 10 Cir. 1933, 64 F.2d 807, 812; Rivers v. Norfolk, Baltimore & Carolina Line, Inc.,

E.D.Va.1962, 210 F.Supp. 283, 287; Chirelstein v. Chirelstein, 12 N.J.Super. 468, 79 A.2d 884, 888; Hassenteufel v. Howard Johnson, Inc., Fla.1951, 52 So. 2d 810.