943 F.2d 54
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of SCHULTZ MANUFACTURING & FABRICATING
COMPANY, INCORPORATED, Debtor.
Appeal of Daryl A. SCHULTZ, Shareholder and Creditor of
Schultz Manufacturing & Fabricating Company, Incorporated.
 No. 90-3709.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 6, 1991.*
Decided Sept. 6, 1991.
 
 Before BAUER, Chief Judge, and WOOD, JR., and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Daryl Schultz, a Chapter 11 debtor-in-possession, appeals pro se from two orders entered by a bankruptcy judge regarding an adversary complaint that he filed. The complaint designated two plaintiffs in interest, his company, Schultz Manufacturing & Fabricating Co., Inc., and himself, as shareholder, and alleged that the Chapter 7 trustee of the company was negligent in failing to collect monies owed to it. Schultz personally signed the complaint on behalf of both plaintiffs.
 
 
 2
 The first order of the bankruptcy judge required Schultz to appear through his Chapter 11 counsel and gave counsel ten days in which to note an appearance. It warned Schultz that counsel's failure to appear and pursue his adversary complaint would result in its dismissal. After the ten-day period had expired and Schultz failed to obtain the assistance of his counsel, the bankruptcy judge entered a second order dismissing Schultz's adversary complaint, without prejudice. The district court upheld the dismissal, and we affirm.
 
 
 3
 Local Bankruptcy Rule B-133 provides that "pro se complaints in adversary proceedings shall not be permitted by a debtor who is represented by counsel in the main bankruptcy case." If, as Schultz contends, the "main bankruptcy case" is his company's bankruptcy, then he had no right to represent the company in a pro se capacity because he is not an attorney. See Local Bankruptcy Rule B-101(g) ("corporations ... shall be represented by an attorney admitted to practice before this court"). But if, as the bankruptcy court found and the district court agreed, the "main bankruptcy case" is Schultz's personal bankruptcy under Chapter 11, then he had to appear through counsel representing him in that proceeding. In either event, the dismissal of the complaint under Fed.R.Civ.P. 41(b) was proper for Schultz's failure to appear by counsel, and no factual findings were necessary to support it. See Esteva v. House of Seagram, Inc., 314 F.2d 827, 830 (7th Cir.), cert. denied, 375 U.S. 826 (1963).
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record