[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13737
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-22669-CMA

MARTIN JAY WALTERS,

Plaintiff-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
STATE ATTORNEY FOR MIAMI-DADE COUNTY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 9, 2018)

Before WILLIAM PRYOR, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Martin Walters, *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil-rights lawsuit.  Three days after the complaint was docketed, the court screened his complaint, dismissed it *sua sponte* for failure to state a claim, and instructed the clerk to close the case.  *See* 28 U.S.C. § 1915(e).  On appeal, Walters argues that he supplied the court with sufficient facts to state a claim, even if those facts were contained within exhibits attached to his complaint.  After careful review, we vacate and remand.

We review *de novo* a district court's *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state claim.  *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001).  Dismissals under § 1915(e)(2)(B)(ii) are governed by the same standard as dismissals under Fed. R. Civ. P. 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1390 (11th Cir. 1997).  However, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.  *Id.*

In dismissing Walters's complaint under § 1915(e)(2), the district court stated that, as best it could tell, Walters brought claims for malicious prosecution and false imprisonment, among other allegations.  The court found, however, that the complaint did not allege sufficient facts to establish the elements of these causes of action.  While some of the attached exhibits appeared to contain relevant factual allegations, the court explained, these exhibits did not "comport with the

2

Federal Rules." And his other exhibits did not "have any obvious connection to his claims," nor did he bother to explain their significance. The court concluded that Walters's filings did not "provide a short and plain statement" of his claim, as required by Rule 8(a)(2), Fed. R. Civ. P., nor were his claims "limited to a single set of circumstances," as required by Rule 10(b), Fed. R. Civ. P. Finding that Walters failed to state a claim even under "the relaxed pleading standard afforded to *pro se* litigants," the court dismissed the complaint and directed the clerk to close the case.

Although the district court styled its order as a dismissal for failure to state a claim, its reasoning extended beyond the legal sufficiency of the factual allegations in Walters's complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (quotation marks omitted)). The court faulted the complaint for violating Rules 8 and 10, and it disregarded factual allegations in certain exhibits because the exhibits did not "comport with the Federal Rules." These statements would be at home in an order deeming the complaint a "shotgun pleading," which is another way of saying that a complaint fails to serve one of its core functions: "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Ct. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015) ("Complaints that violate

3

either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'").

Of course, the district court also expressly stated that it was dismissing the complaint for failure to state a claim to relief.  And it found that Walters's complaint failed to allege any facts to show the elements of the two claims identified by the court.  However, as the court recognized, adequate review was impeded by the complaint's "voluminous" nature, its failure to comply with the federal rules, and Walters's failure to explain the relevance of numerous exhibits.

In any case, whether the district court's dismissal was based on the complaint's violations of Rules 8 and 10 or on the substantive deficiencies of its allegations, or some combination of both, we conclude that the court should have permitted Walters at least one opportunity to replead his complaint before dismissing the action with prejudice.[1]

To the extent the district court dismissed Walters's complaint as a shotgun pleading, the court ought to have given him the opportunity to replead, with instructions.  *See Byrne v. Nezhat*, 261 F.3d 1075, 1133 & n.113 (11th Cir. 2001) ("[I]f, in the face of a shotgun complaint, the defendant does not move the district

---

[1] Although the district court did not expressly say that the dismissal was "with prejudice," it operated as such a dismissal because an involuntary dismissal, other than for lack of jurisdiction, improper venue, or lack of an indispensable party, is with prejudice unless the court otherwise specifies, which it did not.  *See* Fed. R. Civ. P. 41(b); *Weissinger v. United States*, 423 F.2d 795, 799 (5th Cir. 1970) (*en banc*).  Further, a dismissal for failure to state a claim "unambiguously constitutes a ruling on the merits."  *Borden v. Allen*, 646 F.3d 785, 812 (11th Cir. 2011) (quotation marks omitted).

court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader."); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("[A] district court must sua sponte give [the plaintiff] one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds . . . [and] should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings."); *Weiland*, 792 F.3d at 1321 n.10 ("[T]he district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead."). Plus, the court's dismissal in this case operated as a dismissal with prejudice, *see* Fed. R. Civ. P. 41(b), which is generally not appropriate for a plaintiff's failure to comply with court rules absent additional findings that were not made here. *See Weiland*, 792 F.3d at 1321 n.10.

Similarly, to the extent the district court dismissed the complaint for the legal insufficiency of its factual allegations, a *pro se* plaintiff ordinarily must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The court did not provide Walters that opportunity. While leave to amend need not be granted if amendment would be futile, the court made no finding of futility. *See id.* And given the need for repleader in any event, we decline to address the issue

5

of futility in the first instance.    Accordingly, Walters should be given an opportunity to amend his complaint on remand.

For the reasons stated, we vacate the dismissal of Walters's complaint and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**