ARMOUR RESEARCH FOUNDATION OF ILLINOIS INSTITUTE OF TECHNOLOGY, Plaintiff-Appellant,

v.

CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Defendant-Appellee.

No. 13809.

United States Court of Appeals Seventh Circuit.

Jan. 2, 1963.

Timothy J. Murtaugh, Martin M. Nelson, Francis E. Sweet, Chicago, Ill., for plaintiff-appellant.

E. L. Ryan, Jr., Chicago, Ill. (O. L. Houts, Chicago, Ill., of counsel), for appellee.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

In our decision, 297 F.2d 176 (7th Cir. 1961), we remanded the case to the District Court to "make necessary findings vital to a decision of the cause." The trial judge, in conformity with our mandate, set aside the original judgment; made additional findings of fact [1] and

1. In addition to the findings referred to in our former opinion, the trial judge found:

"The shipment was misdescribed in that the bill of lading under which

conclusions of law; and entered a new judgment for defendant. From this latter judgment plaintiff now appeals.

We believe the evidence and the reasonable inferences to be drawn therefrom warranted the trial judge in finding that plaintiff had failed to prove that the contents of the motor truck were in good condition when initially delivered to the Southern Pacific. A finding that the goods were undamaged when delivered to the Southern Pacific would have been predicated on mere speculation and conjecture.[2]

Possible defects resulting from the original loading were obviously not discoverable by ordinary observation. The truck was padlocked so that it could not be entered. The bill of lading said nothing about the contents of the truck. These circumstances, we believed, relieved the carrier of any obligation to ascertain the contents of the truck or to discover whether these contents were properly packaged for rail shipment. They further placed upon plaintiff the burden of proving that the packaged contents were properly loaded and secured within the truck for rail shipment. We think the trial judge's finding that plaintiff did not meet that burden is supported by evidence in the record and hence is not clearly erroneous.

Plaintiff in this appeal also contends that the denial of defendant's motion for a finding at the close of plaintiff's case under Rule 41(b), F.R.Civ.P., constituted a finding in its favor which was conclusive and could not thereafter be disturbed by the trial judge. As we view it, a denial of defendant's motion amounts to nothing more than a refusal to enter judgment at that time. At most it constituted a tentative and inconclusive ruling on the quantum of plaintiff's proof. Certainly it did not preclude the trial judge from later making considered findings and determinations not altogether consistent with his prior tentative ruling.

The judgment of the District Court is Affirmed.

---

the shipment was being transported failed accurately to describe the shipment since it did not disclose to the carriers either the contents of the van of the motor truck or the delicate nature of the electronic equipment which constituted those contents. The carriers did not know of or have an opportunity to examine the contents of the van. The carriers, by ordinary observation, could not determine that there was any particular kind of equipment within the van of the motor truck.

"The evidence does not establish that the contents of the motor truck were in good condition when delivered to the Southern Pacific at Inyokern, California.

"Plaintiff assumed the responsibility of loading. The evidence does not warrant the finding that the contents of the van of the motor truck (highly sensitive electronic equipment and instruments) were sufficiently packed and fixed up for rail transportation.

"The electronic equipment was loaded in the motor truck by the plaintiff without any dunnage, bracing, supports or straps. Plaintiff failed to properly load and secure the electronic equipment for rail transportation. The defects in loading were latent and concealed and could not be discovered by ordinary observation on the part of the carriers."

2. The electronic equipment was first loaded on the truck on March 20, 1957 (almost five weeks prior to delivery to the Southern Pacific), at the Naval Ordnance Test Station at China Lake, California. The truck was padlocked on March 25, and thereafter was never opened until it reached its final destination in Chicago. On April 8, the padlocked truck and trailer was driven about twelve miles from the test site to the China Lake shipping area. Some ten days later, on April 18, 1957, the Navy shipping supervisor at China Lake ordered a flat car from Southern Pacific. Navy crews loaded and secured the padlocked vehicle on the flat car and transported it via Navy railroad to the Southern Pacific at Inyokern, California. The Southern Pacific accepted the flatcar, with the still-padlocked truck thereon, for transportation on April 22.