**The K. KING & The G. SHULER COR-PORATION, Appellant,**

v.

**PETITIONING CREDITORS, Appellees.**

**No. 23491.**

United States Court of Appeals,
Ninth Circuit.

June 5, 1970.

John P. Hanrahan, Los Angeles, Cal., for appellant.

Norman D. Rose (argued), of Rose & Ehrmann, Los Angeles, Cal., for appellees.

Before HAMLEY and ELY, Circuit Judges, and POWELL, District Judge *.

HAMLEY, Circuit Judge:

This involuntary bankruptcy proceeding was commenced on December 27, 1963, by the unsecured creditors of the K. King & G. Shuler Corporation. They alleged in their petition that within four months of the filing of the petition, namely on October 30, 1963, the corporation, while insolvent, transferred cash in the sum of $4,138.95 to John P. Hanrahan on account of an antecedent debt. They further alleged that, as to all or part of this sum, Hanrahan was a general unsecured creditor. Therefore, these creditors contended, the transfer was preferential as to them and other unsecured creditors within the meaning of the Bankruptcy Act (Act), and constituted an act of bankruptcy. *See* sections 3(a) and 60(a) of the Act, 11 U.S.C. §§ 21(a) and 96(a).

The corporation conceded that it was insolvent at the time of the transfer and that the payment was made on account of an antecedent debt. It alleged, however, that Hanrahan was a secured creditor as to the entire $4,138.95 paid, under a chattel mortgage and a lien upon, or pledge of, a leasehold interest. A trial was had on this issue resulting in findings and conclusions to the effect that the transfer in question was preferential. The trial court thus adjudicated the corporation a bankrupt. This appeal followed.

The trial court determined that the transfer was preferential on the following alternative grounds: (1) Hanrahan had no security interest in the lease because any attempted pledge of the lease was never perfected; (2) the $4,138.95 payment to Hanrahan exceeded the value of any and all security which he claimed against the assets of the corporation by

at least $1,144.79; (3) Hanrahan was the *alter ego* of the corporation and equitable considerations required that any security interest held by Hanrahan be disregarded; (4) by his conduct, Hanrahan intentionally relinquished and waived any security interest he otherwise may have had in and to any assets of the bankrupt; and (5) the corporation had been suspended from doing business in the State of California and therefore had no standing to resist the involuntary petition in bankruptcy.

The corporation argues that the judgment must be reversed because the creditors failed to make out a prima facie case in their case-in-chief at the trial. The parties stipulated the existence of the creditors' claims and that payment of $4,138.95 was made to Hanrahan. The only issue on the merits to be determined at trial was whether or not that payment constituted a preferential transfer and was an act of bankruptcy within the meaning of the Act.

The petitioning creditors rested their case after introducing into evidence two exhibits which showed that the corporate powers of the corporation had been suspended. The corporation then moved for judgment on the ground that the creditors had failed to establish a prima facie case. The motion was denied, whereupon the corporation proceeded with its case in an effort to establish that, at the time of the transfer, Hanrahan was a secured creditor with regard to the entire $4,138.95 payment.

Under Fed.R.Civ.P. 41(b), the trial court is not required to rule upon such a motion made at the close of the plaintiff's case, but may elect to render judgment after the close of all the evidence. This, in effect, is the course chosen by the trial court in this case. It follows that when such a motion is not granted, the merits of the case are to be determined in the light of all of the evidence received at the trial. *See,* Armour Research Foundation of Illinois Institute

* The Honorable Charles L. Powell, United States District Judge for the Eastern

District of Washington, sitting by designation.

of Technology v. Chicago, Rock Island & Pacific R.R. Co., 311 F.2d 493 (7th Cir. 1963).

We turn now to the grounds of the trial court decision, each of which is challenged on this appeal. The second ground, as noted above, is that the $4,138.95 payment to Hanrahan exceeded the value of any and all security which he claimed against the assets of the corporation by at least $1,144.79. The trial court determined that the total value of the security interest Hanrahan claimed did not exceed six thousand dollars, and that this amount was subject to the senior secured claim of one Temkin in the amount of $2,655.84. This would leave secured assets of the net value of $3,344.16 for Hanrahan.

The latter figure exceeds the $4,138.95 payment made to Hanrahan by $794.79. Moreover, the court in effect held that $350.00 of the $4,138.95 paid to Hanrahan represented costs on foreclosure of a pledge agreement and was not covered by any security held by him. Adding this $350 to the $794.79 referred to above produces the $1,144.79 unsecured payment as determined by the court.

The corporation argues that the trial court erred in determining that the net value of the assets covered by Hanrahan's claimed instruments of security did not exceed $3,344.16. It contends that such value was commensurate with the $4,138.95 which Hanrahan received. By this argument the corporation brings into question the gross six thousand dollar figure referred to above.

The six thousand dollar valuation of the entire security interest included the value of the lease, set at four thousand dollars, and the value of the fixtures, set at two thousand dollars. These values are set forth in the escrow instructions of August 8, 1963, agreed to by the corporation, involving the sale of its assets to one Sam Langer. In the absence of any other evidence as to the value of these assets, we think the trial court was warranted in accepting these figures.

The corporation further argues, however, that it is immaterial whether the value of Hanrahan's security in the chattel mortgage and the lease equalled $4,138.95, because Hanrahan personally contributed additional consideration by guaranteeing the rental payment by the assignee of the lease. Apart from the fact that there is no finding as to the value, if any, of such guarantee, any value ascribed thereto would not augment the value of the assets covered by Hanrahan's security interest. On this branch of the case the question is not whether the corporation received value for the $4,138.95, but whether, as to that entire amount, Hanrahan was a secured creditor.

We accordingly hold that the trial court did not err in determining that the act of the corporation in transferring to Hanrahan property substantially in excess of the value of his security, constituted a preference amounting to an act of bankruptcy. *See* 3 Collier on Bankruptcy, § 60.22 at 871 (1969).

In view of this conclusion, it is unnecessary for us to deal with the several alternative grounds relied upon by the trial court. However, we are frank to say that we are not particularly impressed with them and have special misgivings as to the appropriateness of the application of the *alter ego* principle to the facts of this case.

The seeming inconsistencies and ambiguities in the findings of fact and conclusions of law, of which the corporation complains, are mostly due to the fact that the trial court decided the case on alternative grounds, each of which required its own supporting findings and conclusions. We find no basic inconsistency or ambiguity which undermines the ground upon which we have decided the case.

Affirmed.