**A. P. HOPKINS CORPORATION, a Michigan corporation, Plaintiff-Appellant,**

**v.**

**STUDEBAKER CORPORATION, ONAN DIVISION, a Michigan corporation, et al., Defendants-Appellees.**

No. 73–1611.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 5, 1974.

Decided May 15, 1974.

Philip A. Gillis, Detroit, Mich., for plaintiff-appellant.

Carson C. Grunewald, Detroit, Mich., for defendants-appellees; Bodman, Longley, Bogle, Armstrong & Dahling, Detroit, Mich., on brief.

Before McCREE, MILLER and ENGEL, Circuit Judges.

### WILLIAM E. MILLER, Circuit Judge.

This action was instituted in the court below by appellant, A. P. Hopkins Corporation, against appellees, Studebaker Corporation, Onan Division, Carroll-Stuart Corporation, Arthur B. Stuart, Stewart R. Kaufman and Harry M. Hennequin, to recover trebel damages for alleged violations of federal antitrust laws. 15 U.S.C. Sec. 1 et seq.

Studebaker Corporation, Onan Division, is a manufacturer of engine driven generators, parts and accessories, which are sold throughout the country to selected distributors. Appellant had been a distributor of Onan products from 1958 to 1965, in the eastern half of lower Michigan, selling both plants (generators) and parts. Its distributorship, however, was terminated by Onan on May 28, 1965, effective July 1st of that year. It was succeeded by appellee, Carroll-Stuart Corporation, as the Onan distributor in the same area. Appellee, Arthur Stuart, was one of the incorporators of the Carroll-Stuart Corporation, and appellees, Kaufman and Hennequin, were former employees of the appellant who became employees of Carroll-Stuart upon its formation as an Onan distributor. The gravamen of appellant's claim was that in cancelling the distributorship Onan entered into a conspiracy with appellees and others to destroy appellant as a competitor of Carroll-Stuart. In order to effectuate the alleged conspiracy appellant claimed that there were four "means adopted" by the appellees:

(1) Interference by Onan with appellant's customers and contracts;

(2) The hiring away of appellant's employees by Carroll-Stuart;

(3) The illegal refusal of appellees and Onan's agents and distributors to sell Onan products to appellants; and

(4) The alleged imposition by Onan of illegal territorial restrictions upon its distributors.

The action was tried by the district judge without a jury. The proceeding occupied 16 trial days and involved 20 witnesses and a large number of exhibits. The transcript of the trial, excluding a number of depositions which were introduced in evidence, extended to 1,967 pages. After the case was briefed and argued and proposed findings of fact and conclusions of law were submitted, the district judge rendered an exhaustive memorandum opinion (consisting of 36 pages), dated December 29, 1972, in which he analyzed with meticulous care and in great detail all of the contentions of the appellant and concluded that the claim of antitrust violations was not supported by the evidence. Accordingly, judgment was entered dismissing the action. More specifically, the district judge in his opinion found that while there was some conflict in the evidence the appellant had failed to meet its burden of proof in the establishment of a conspiracy in violation of the antitrust laws.

■ After a careful examination of the entire record, including the comprehensive opinion of the district judge, we are of the view that his findings of fact are not clearly erroneous, and that his conclusions of law are consistent with apposite and controlling decisions of the Supreme Court.

■■ Indeed, other than the general contention that the district court's findings of fact relative to the alleged conspiracy, and the alleged means for effectuating it, were clearly erroneous, (a contention which apparently is not seriously advanced on appeal) the appellant makes only two contentions. First, it is contended that the district court, having reserved ruling pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on the appellee's motion to dismiss at the conclusion of the appellant's case, erroneously dismissed the action at the conclusion of all of the proof in the case by considering only the proof offered by the appellant without taking into account the entire evidence at the trial. For its position on this point appellant relies upon A & N Club v. Great American Insurance Co., 404 F.2d 100, 104 fn. 3, (CA6, 1968); King & Shuler Corp. v. Petitioning Creditors, 427 F.2d 689, 690 (CA9, 1970); and United States v. Doyle, 468 F.2d 633 (CA10, 1972). We are in agreement with the proposition of law advanced by the appellant that under such circumstances the trier of facts should look to the entire evidence in deciding the case on its merits. Also we agree that there are isolated statements in the district court's opinion which may be interpreted as indicating that the court looked only to the evidence introduced by the appellant in its final disposition of the action. Yet, when the lengthy opinion is scrutinized in its en-

tirety, it is evident that the court did in fact consider all of the evidence in the case. Thus, after finding that the evidence was insufficient to establish an antitrust conspiracy, the court stated:

In addition we note that defendants' case was supportive of this result. As indicated above in the statement of facts, much of the testimony introduced by defendants gave additional business reasons for the decisions of these distributors to discontinue sales to plaintiff. Thus, in considering the case upon all the evidence we reach the same conclusion.

■ In any event, if the district court's opinion should be construed as considering only the appellant's evidence in the dismissal of the action on its merits, we do not believe that the error could be in any wise regarded as prejudicial to the appellant. The appellees' evidence strongly corroborates the findings of the district court that the charge of illegal conspiracy was not supported by substantial evidence and that the claim of antitrust violations was without merit. The appellant has not called to our attention any substantive evidence admitted after the close of its case that would have affected the result reached by the district court.

■ Appellant's final contention on the present appeal is that the district court erred in limiting various extra-judicial statements to show the state of mind of the declarants rather than admitting them as substantive evidence of a conspiracy. There appear to be three statements falling within this category: (1) a letter written by one Ed Sloane, the Onan distributor in Cincinnati, to appellant;[1] (2) a letter to appellant from one A. F. Shane, owner of the Pittsburgh Onan distributorship;[2] and

---

1. This letter reads in pertinent part:
    Sorry to have to return your order Al, but Don Earhart was in yesterday and laid the law down to us in regards to out of territory sales. As much as I would like to accommodate your needs, I cannot place our association with Onan in jeopardy. Please accept our apologies.

2. This letter reads as follows:
    "Dear Al:
    Further reference is made to our recent conversations regarding the possibility of furnishing you with ONAN parts, etc. As stated, I mailed your order into ONAN for direct shipment to you. My reason for doing this was to more or less put up a

(3) a certain conversation between Richard Nelson, the Onan zone manager for Indiana and one Arthur Jordan, a distributor of Kohler generators and other Kohler products in Indiana, in which Jordan stated that he needed a generator of a size not manufactured by Kohler and that he would like to have a bid from appellant on an Onan generator. He was told by Nelson that he would "put a plug in" to prevent Jordan from buying the generator from anyone other than the Onan distributor in Elkhart, Indiana.

The district court ruled that these statements, in the absence of independent proof of a conspiracy, fell within the hearsay category and could be received only for the purpose of showing the state of mind of the declarants. For various reasons appellant argues that the statements fall within exceptions to the hearsay rule. In our view, it would not be profitable, however, to explore these contentions in minute detail. Arguably, one or more of the statements might have been admitted under a liberal application of the rules of evidence as having some relevance toward the establishment of a conspiracy. Yet, there was a vast amount of evidence, credited by the district judge, in conflict with the statements, and it appears that their admission would have been, at best, of slight or inconsequential probative value. In the total context of the case, if their exclusion was error, the error must be regarded as harmless. That the ultimate outcome of this protracted antitrust litigation could have been materially affected by the district court's refusal to admit the statements as substantive proof is inconceivable to us.

It is not without significance that the appellant in its reply brief has been candid enough to compliment the district judge in his handling of the case:

> Although we quarrel with some of the trial judge's legal rulings, his opinion was eminently fair to us. It clearly discloses the judge's thought process and the basis of his rulings. He did not, as some judges do unfortunately, inter the legal issues by clothing them in nonappealable findings of fact.

For the district court's opinion, *see* A. P. Hopkins Corporation v. Studebaker Corporation et al., 355 F.Supp. 816 (1972).

The judgment of the district court must be and it is hereby

Affirmed.

---

trial balloon to see what their reaction would be. The result was that Mr. Ed Swenson telephoned me last Friday, August 27th, and discussed this order, stating that he had been informed by Bud Stano, Manager of the Parts Department that the order would not be shipped. Upon receipt of this information I called Bud Stano on Monday, August 30th, and further discussed your order with him. At this time he agreed to ship this one order but refused to ship any further orders.

Under the above conditions, I regret to advise that there is no way that we could possibly handle your business without placing ourselves in jeopardy as they most certainly would be able to check any future orders and may also question our own orders, as inasmuch as we have just received a Government contract for the Westcoaster Mailster equipment. I am sorry that this had to happen and regret that I could not be of any more help.

We are herewith returning the large parts order sent us and trust you will be able to work out some solution.

We hope to be able to visit you in Detroit at some date in the future.

Sincerely yours,
A. F. SHANE COMPANY
/s/ A. F. Shane
President"