In re WAIKIKI HOBRON ASSOCIATES, a limited partnership, Debtor.

WAIKIKI HOBRON ASSOCIATES, a limited partnership, Plaintiff,

v.

INVESTMENT MORTGAGE INCORPORATED, a California Corporation, Defendant.

Bankruptcy No. 79–00206(1).

United States Bankruptcy Court, D. Hawaii.

Oct. 21, 1980.

See also, Bkrtcy., 1 B.R. 668.

·Diane Hastert, Steven H. Levinson, Honolulu, Hawaii, for plaintiff.

Charles E. Pear, Jr., John R. Dwyer, Jr., Kevin S. W. Chee, Honolulu, Hawaii, for defendant.

## MEMORANDUM OF DECISION[1]

JON J. CHINEN, Bankruptcy Judge.

On August 4, 1980, after plaintiff had rested its case, defendant Investment Mortgage Incorporated, hereinafter referred to as "IMI", orally made a motion to dismiss the complaint of plaintiff, Waikiki Hobron Associates, hereinafter referred to as "WHA". This matter was heard on August 4, 5, and 6, 1980.

On August 6, 1980, plaintiff's motion to voluntarily dismiss Counts II, VI, and VII

---

[1] Findings of Fact and Conclusions of Law must be made only where a judgment of dismissal is entered at the conclusion of plaintiff's case based on the merits. *O'Brien v. Westing-*

of its complaint was granted orally by the Court without objection from defense counsel.

Based upon the arguments of counsel, the records, files and evidence adduced herein, the Court hereby denies the defendant's motion to dismiss the remaining Counts I, III, IV, and V of WHA's complaint.

IMI asserted its motion to dismiss after WHA had rested its case pursuant to Rule 741 of the Rules of Bankruptcy Procedure which adopts Rule 41 of the Federal Rules of Civil Procedure. Under Rule 41(b) the court as the trier of facts may grant a motion for involuntary dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.

■ Under Rule 41(b), the trial court is not compelled to dismiss the plaintiff's claim even assuming there is no evidence to support plaintiff's case. The court has the option of either reserving a ruling on the motion to dismiss until the close of all the evidence or render a judgment against the plaintiff. *K. King & G. Shuler Corp. v. Petitioning Creditors*, 427 F.2d 689 (9th Cir. 1970); *Smith Petroleum Service, Inc. v. Monsanto Chemical Co.*, 420 F.2d 1103, 1116 (5th Cir. 1970).

■ In reviewing the evidence in a nonjury case, on a motion to dismiss for failure to prove a case, the court need not review the evidence in the light most favorable to the plaintiff. Instead, the judge has a duty to take an unbiased view of all the evidence, both direct and circumstantial, and evaluate it and accord it the weight that he believes it is entitled to receive. *Weissinger v. United States*, 423 F.2d 795 (5th Cir. 1970), *Southern Arizona York Refrigeration Co. v. Bush Manufacturing Co.*, 331 F.2d 1, 6 (9th Cir. 1964), *Island Service Co., Inc. v. Perez*, 309 F.2d 799 (9th Cir. 1962); *Barr v. Equitable Life Assurance Society of the United States*, 149 F.2d 634 (9th Cir. 1945), *United States v. Westinghouse Electric Corp.*, 471 F.Supp. 536 (N.D.Cal.1978).

*house Electric Corp.*, 293 F.2d 1 (3d Cir. 1961), *Civil Aeronautics Board v. Friedkin Aeronautics, Inc.*, 246 F.2d 173 (9th Cir. 1957).

In this case the issues are complex and there exist a number of disputed facts which are critical for resolution of this case. Therefore, in the interest of obtaining a complete and full record for the trial court, the Court finds it must deny the defendant's motion to dismiss and put the defendant to its proof on each of WHA's four remaining counts. The case will then be decided when all the evidence has been adduced.

This denial of IMI's motion amounts to no more than a refusal to enter judgment at this time and constitutes at most "a tentative and inclusive ruling on the quantum of plaintiff's proof." *Armour Research Foundation of Illinois Institute of Technology v. Chicago, R.I. & P.R. Co.*, 311 F.2d 493 (7th Cir. 1963). When a Motion such as IMI's is not granted, the merits of the case are finally determined in light of all of the evidence received at trial. *K. King & G. Shuler Corp. v. Petitioning Creditors*, 427 F.2d 689 (9th Cir. 1970).