**SOUTHERN PACIFIC COMMUNICA-TIONS CO., Plaintiffs,**

v.

**AMERICAN TELEPHONE AND TELEGRAPH CO., Defendant.**

Civ. A. No. 78-0545.

United States District Court, District of Columbia.

July 7, 1983.

Frederick P. Furth, Daniel S. Mason, Charles P. Wolff, Michael P. Lehmann, Craig C. Corbitt and Barbara A. Sprung of Furth, Fahrner, Bluemle & Mason, San Francisco, Cal., Stephen Ailes, Richard A. Whiting, Richard Diamond, Edmond W. Burke and John R. Labowitz of Steptoe & Johnson, Washington, D.C., for plaintiff.

George L. Saunders, Howard J. Trienens, Richard C. Schramm, Michael S. Yauch and Lee A. Monroe, Washington, D.C., for defendant; Jim G. Kilpatric and William J. Jones of Sidley & Austin, Washington, D.C., of counsel.

## OPINION

CHARLES R. RICHEY, District Judge.

The Court has before it a motion by plaintiff, Southern Pacific Communications Company ("SPCC") under Fed.R.Civ.P. 60(b)(6) to vacate judgment in the above-captioned case, 556 F.Supp. 825, an opposition by defendant, American Telephone and Telegraph ("AT & T") and the entire record herein. Plaintiff asserts two grounds for its motion. First, plaintiff claims that this Court is collaterally estopped from reaching the conclusions it reached in its 603-page opinion in this case by several rulings of the Honorable Harold H. Greene in *United States v. American Telephone & Telegraph,* 524 F.Supp. 1336 (1981) (denying motion to dismiss), 555 CCH Trade Reg.Rep. 1 (Aug. 11, 1982) (approving consent decree with modifications), No. 74–1698 (Aug. 24, 1982) (rendering Modified Final Judgment). Second, plaintiff argues that this Court is collaterally estopped from reaching the conclusions it reached to the extent that they conflict with the conclusions reached in the case of *MCI Communication Corp. v. American Telephone & Telegraph,* No. 74–C–633 (N.D.Ill.1980), *aff'd in part and rev'd in part,* 708 F.2d 1081 (7th Cir.1983). In support of these contentions, plaintiff has invoked principles of common law and § 5(a) of the Clayton Act. Because the Court is convinced that plaintiff has not properly

invoked the doctrine of collateral estoppel or § 5(a), plaintiff's motion will be denied.[1]

## I.

### *UNITED STATES v. AMERICAN TELEPHONE & TELEGRAPH* HAS NO COLLATERAL ESTOPPEL EFFECT

The case of *United States v. American Telephone & Telegraph,* which plaintiff seeks to rely upon, resulted in the entry of a consent decree settling the government's claim against AT & T. Plaintiff relies on two different parts of that action which was before the Honorable Harold H. Greene: (a) Judge Greene's opinion denying defendant's motion for dismissal under Fed. R.Civ.P. 41(b); and (b) Judge Greene's opinion approving and modifying the final consent decree ("Modification of Final Judgement" or "MFJ") and the MFJ itself. However, neither of these has any collateral estoppel effect.

■ It is clear that Judge Greene's ruling on defendant's motion to dismiss in *United States v. American Telephone & Telegraph* cannot be considered the final resolution of the issues involved in that suit. "[A] denial of defendant's [41(b)] motion amounts to nothing more than a refusal to enter judgment at that time." *Armour Research Foundation v. Chicago Rock Island & Pacific Railroad Co.,* 311 F.2d 493, 494 (7th Cir.) *cert. denied,* 372 U.S. 966, 83 S.Ct. 1091, 10 L.Ed.2d 129 (1963). As Judge Greene specifically stated in his opinion denying defendant's motion, that denial was merely a "tentative and inconclusive ruling on the quantum of plaintiff's proof." *United States v. American Telephone & Telegraph,* 524 F.Supp. 1336, 1343 (1981) (*quoting Armour Research Foundation, supra* at 494.) At the time of Judge Greene's ruling on defendant's motion, defendant had not had an opportunity to introduce any evidence in its defense. Accordingly, this ruling cannot

serve as a final judgment on which a claim of collateral estoppel may be based. *See* Restatement 2d of Judgments § 27 comment k (1982) (a final judgment is a requisite of a collateral estoppel claim).

■ The MFJ in *United States v. American Telephone & Telegraph,* also cannot be given any collateral estoppel effect. While courts are split on whether preclusive effect can be given to consent decrees in general, 1B *J. Moore Federal Practice* ¶ 0.444[3], at 4009 (1982), it is clear that this particular decree can have no such effect. The MFJ specifically provides that it is not to be given collateral estoppel effect. Section III states: "Neither this Modification of Final Judgment nor any of its terms or provisions shall constitute any evidence against, an admission by, or an estoppel against any party or BOC [Bell Operating Company]." 1982–2 Trade Cas. ¶ 64,900 at 72,558. If courts refuse to give effect to such language in consent decrees, parties will be far less likely to settle, knowing that such settlements will forever estop them from protesting their innocence.

■ Not only does the common law rule of collateral estoppel fail to apply to the Court's 41(b) ruling or to the MFJ, but the specific provisions of § 5(a) of the Clayton Act do not require giving the decree or opinion preclusive effect either. Section 5(a) provides that:

"A final judgment or decree . . . rendered in any civil or criminal proceeding brought by [the government] to the effect that a defendant has violated [the antitrust] laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws as to all matters respecting which said judgment or decree would be an estoppel between the parties. . . ."

---

1. Plaintiff has a heavy burden to demonstrate that collateral estoppel should apply. *See Milens v. Richmond Development Agency,* 665 F.2d 906, 908 (9th Cir.1982). This burden is even more substantial where, as here, plaintiff seeks to invoke the doctrine offensively. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 331 n. 16, 99 S.Ct. 645, 651 n. 16, 58 L.Ed.2d 552 (1979).

This provision does not apply to the Court's 41(b) ruling because that ruling does not constitute a "final judgment or decree." Neither does this provision apply to the MFJ. Judge Greene stated that "nothing in this opinion [approving the consent decree as modified] is intended to constitute a finding of violation of the antitrust laws." 1982–2 Trade Cas. § 64,979 at 73,136 n. 337. Furthermore, Judge Greene specifically determined that § 5(a) would not apply to the consent decree because it did not constitute a judgment to the effect that AT & T violated the antitrust laws. *Id.* at 73,136.

Even if the MFJ could be taken as a finding of antitrust violations, there is a second and more significant problem with plaintiff's reliance on § 5(a). Section 5(a) does not purport to create preclusive effect under any circumstances. Rather the section states that a judgment finding violations constitutes *prima facie* evidence against the defendant. Thus, at best, this finding could have been introduced by plaintiff to buttress its *prima facie* case. The fact that plaintiff has now found an additional piece of evidence that could have been presented as part of its *prima facie* case hardly convinces the Court that it should vacate the judgment it entered based upon careful consideration of *all* the evidence presented in this case. It should be clear from this Court's voluminous opinion soundly rejecting SPCC's allegations on every claim that introducing the MFJ as part of plaintiff's *prima facie* case would have had no effect on the outcome of this litigation.

**2.** The Court was unable to find a single case in which a party raised the issue of collateral estoppel for the first time on a 60(b) motion. However, for useful analogies see *Exxon Corp. v. Texas Motor Exchange,* 628 F.2d 500, 507 n. 3 (5th Cir.1980) (collateral estoppel may not be raised for the first time on appeal); *Johnson v. Rogers,* 621 F.2d 300, 305 (8th Cir.1980) (res judicata may not be raised for the first time on a motion for judgment notwithstanding the verdict).

**3.** *See* A. Vestal, *Res Judicata/Preclusion* V–529–41 (1969) (discussing timing for raising collateral estoppel claims).

## II.

## THE COURT WILL NOT GIVE *MCI COM-MUNICATIONS CORP. v. AMERI-CAN TELEPHONE & TELEGRAPH* COLLATERAL ESTOPPEL EFFECT

SPCC argues that this Court's conclusions in this case were precluded by the findings of the jury in *MCI Communications Corp. v. American Telephone & Telegraph.* However, the Court finds it to be completely inappropriate to raise this issue in a Rule 60(b) motion.[2] If plaintiff intended to rely upon collateral estoppel in presentation of its case, it should have briefed and argued that issue long ago—perhaps in its pleadings or on motion[3]—certainly not after the Court has already issued its opinion.[4]

In an attempt to justify its belated reliance upon the *MCI* case, SPCC asserts that it is relying on the 1983 Seventh Circuit opinion, rather than on the jury verdict. This argument is both disingenuous and legally faulty. It is disingenuous because in fact SPCC relies upon the jury's conclusions as *affirmed* by the Seventh Circuit. *See* Memorandum of Points and Authorities in Support of Plaintiff's Motion to Vacate Final Judgment Pursuant to Rule 60(b) pp. 10–19 (Feb. 3, 1983). The argument is legally incorrect because the jury verdict, which SPCC indicates it was unwilling to rely upon until the Seventh Circuit issued an opinion, was a final judgment entitled to full collateral estoppel effect even though the verdict was on appeal. *See Hunt v. Liberty Lobby Inc.,* 707 F.2d 1493, 1498 (D.C.Cir.1983); 1B *J. Moore Fed-*

**4.** SPCC argues that it raised the question of collateral estoppel in pretrial proceedings and therefore did not waive the right to assert this claim. However, the Court believes that mere mention of the possible application of this doctrine during the lengthy and complicated pretrial process does not make the assertion of that claim here any more timely. The time has passed for SPCC to reasonably profess reliance upon the *MCI* verdict.

*eral Practice* ¶ 0.416[3], at 2252–53 (1982). Thus, any argument for collateral estoppel based on the *MCI* verdict was ripe for determination before the trial began in this case. Moreover, the Court is convinced that SPCC made a deliberate tactical decision not to pursue its collateral estoppel claim and it is well settled that "[t]he broad power granted by [rule 60(b)] clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices...." 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2864, at 214 (1973).

■ The Court's acceptance of SPCC's untimely collateral estoppel claim would, moreover, accomplish none of the purposes of that doctrine. Collateral estoppel is intended to preclude a party from relitigating a matter that has already been decided.[5] *See* 1B *J. Moore Federal Practice* ¶ 0.405[1] at 633–23 (1982). Here, however, any alleged "relitigation" has already occurred and therefore the opportunity for saving the parties cost and vexation and for conserving judicial resources, *see Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980), has passed. Although applying estoppel here might advance the goal of judicial consistency,[6] the Court finds that any such advances are far outweighed by the reasons noted for not applying the doctrine. Significantly, application of offensive collateral estoppel is committed to the broad discretion of the Court. *See, e.g., Parklane Hosiery Co. v.*

*Shore,* 439 U.S. 322, 331, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979); *Mancuso v. Harris,* 677 F.2d 206, 209 (2d Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 382, 74 L.Ed.2d 514 (1982). The Court sees ample reason not to apply the doctrine here.[7]

■ In addition to the Court's independent reasons for rejecting plaintiff's collateral estoppel claim, the Court holds that plaintiff has failed to meet the burden required of it under Rule 60(b)(6). Such motions provide "for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Vecchione v. Wohlgemuth,* 558 F.2d 150, 159 (3d Cir.), *cert. denied,* 434 U.S. 943, 98 S.Ct. 439, 54 L.Ed.2d 304 (1977) *quoting Mayberry v. Maroney,* 529 F.2d 332, 335 (3d Cir.1976). Plaintiff has failed to demonstrate the existence of exceptional circumstances that would justify the relief sought.

In sum, the Court holds that *United States v. American Telephone & Telegraph* has no collateral estoppel effect, either under common law or pursuant to § 5(a) of the Clayton Act. Further, the Court concludes that plaintiff's claim of collateral estoppel based on *MCI Communications Corp. v. American Telephone & Telegraph* is untimely, inappropriate and unsupportable. The Court resoundingly rejects plaintiff's belated efforts to assert a claim of collateral estoppel in the form of a Rule 60(b) motion.

---

5. Rather than using offensive collateral estoppel as was intended—to estop *defendant* from relitigating claims—plaintiff here argues that the doctrine precludes the *Court* from arriving at independent conclusions on the issues presented in this suit. The Court soundly rejects this attempt to restrict its independent judgment. As discussed *infra,* application of offensive collateral estoppel is entrusted to the discretion of the Court.

6. There is a good deal of dispute among the parties as to whether the results in *United States v. American Telephone & Telegraph* and *MCI Communications Corp. v. American Telephone & Telegraph* are inconsistent. Thus, it is unclear that a decision by this Court that collateral estoppel effect should be given to either of these cases would contribute to judicial consistency.

7. An additional significant reason for not applying collateral estoppel to this case is that defendant has presented evidence to the Court raising doubt as to the fairness of the *MCI* verdict. Defendant has informed the Court that a piece of crucial evidence—the notes of C. Gus Grant, then President of SPCC—was improperly undisclosed by SPCC in discovery in that case. That evidence was of great importance in the case before this Court in that it served to impeach one of plaintiff's main witnesses. This issue is currently under advisement before the Honorable John Grady (N.D. Ill.) who presided over the *MCI* trial. Although the Court considers it to be a matter of great significance, the Court need not reach this question here because it finds that the *MCI* verdict should not be given preclusive effect for the independent reasons discussed herein.

An Order in accordance with the foregoing will be issued of even date herewith.