**GOLDEN PANAGIA STEAMSHIP, INC.**

v.

**PANAMA CANAL COMMISSION, the United States of America.**

Civ. A. No. 82–1655 G.

United States District Court,
E.D. Louisiana.

Feb. 11, 1983.

Gerard T. Gelpi, C. Gordon Starling, New Orleans, La., for plaintiff.

Harry Pastuszek Jr., Asst. U.S. Atty., New Orleans, La., Jan Von Flatern, Asst. U.S. Atty., Torts Branch, Civ. Div., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

SEAR, District Judge.

This action was instituted in the Eastern District of Louisiana by Golden Panagia Steamship, Inc. (Golden Panagia) against the Panama Canal Commission and the United States of America to recover $195,318.50 which it alleges was improperly paid to its attorney Henry L. Newell. The complaint is couched first in terms of a motion to set aside as fraudulent a consent judgment entered June 15, 1981 in the United States District Court for the District of the Canal Zone and, in the alternative, for a money judgment in the sum it alleges was fraudulently paid to its attorney under the terms of the consent decree as a result of the negligence of the United States Attorney.

Plaintiff's claim arose out of a February 1, 1979 collision between the M/V Golden Panagia, a vessel owned and operated by the plaintiff, and the M/V World Agamemnon owned and operated by the Garrick Shipping Company during a north-bound transit of the Panama Canal. The owners of both vessels instituted suit in the District of the Canal Zone to recover the damages to their vessels against the Panama Canal Company, a federally chartered company created by Congress to operate the Canal.[1] They alleged that the collision was the sole fault of the compulsory pilot, an employee of the Panama Canal Company, who was at the time of the collision navigating the M/V World Agamemnon.[2] Suit against the Panama Canal Company was authorized by C.Z.Code Title 2, § 65.[3] The suit was filed by Golden Panagia on September 10, 1979.[4]

Three weeks later, on October 1, 1979, the Panama Canal Treaty of 1977 entered into force. It called for the cessation of operation of the Panama Canal Company within the territory of the Republic of Panama[5] and in its place Congress substituted the Panama Canal Commission as an agency in the Executive Branch of the United States Government.[6]

In June 1981, plaintiff, through its attorney, entered into a settlement agreement of its vessel damage with the United States and the parties submitted to the court a consent judgment which provided in part:

> That Henry L. Newell, as attorney for plaintiff, Golden Panagia Steamship, Inc., receive from the defendant the sum of

---

1. Act of September 26, 1950, 64 Stat. 1041; C.Z.Code Title 2 § 61 (1963).

2. 35 C.F.R. § 105.1 provided that:
   No vessel shall pass through the Canal, ... or maneuver within Canal Zone waters lying inside the Canal entrances without having a Panama Canal pilot on board.
   35 C.F.R. § 105.6 provided that:
   [t]he pilot assigned to a vessel shall have control of the navigation and movement of such vessel.

3. C.Z. Title 2 § 65 provides:

(a) The Panama Canal Company may:
   .    .    .    .    .
   (3) sue and be sued in its corporate name . . .

4. *Golden Panagia Steamship, Inc. v. Panama Canal Company,* No. 79–343–B (D.C.Z.1979).

5. Panama Canal Treaty of 1977, Article III, ¶ 10.

6. Panama Canal Act of 1979 P.L. 96–70, 22 U.S.C. § 3611.

One Hundred Ninety-Five Thousand Three Hundred Eighteen Dollars and Fifty Cents ($195,318.50) . . .

The consent judgment was entered June 15, 1981.

Thereafter, the funds were paid by the United States to Newell who acknowledged in a satisfaction of judgment dated July 20, 1981 that

"said judgment has been fully paid to plaintiff through their undersigned counsel by means of a check drawn on the United States Treasury in the amount of $195,318.50 . . ."

On March 31, 1982, the jurisdiction of the United States Courts in the Republic of Panama ended and the Court ceased to operate.[7] Plaintiff filed this action in this district April 23, 1982 three weeks following the closing of the District of the Canal Zone.

Plaintiff's complaint is unique. First, in the apparent language of Rule 60(b) F.R. C.P. it seeks by motion to "set aside the . . . settlement and judgment entered into fraudulently and without authority by its attorney Newell and reinstate said suit" in order to relitigate its original claim. In the alternative, it demands judgment against the United States and the Panama Canal Commission for the negligence of the United States Attorney in paying the settlement amount to their attorney. The complaint recognizes the sovereignty of the United States[8] but alleges no particular statute waiving the governmental immunity or forming the basis of the court's jurisdiction to grant either form of relief.

In response to the complaint, the government has filed a motion to dismiss for failure to state a claim upon which relief can be granted or in the alternative, for summary judgment. In opposition to plaintiff's demand to set aside the consent decree, the government argues that because the judgment complained of was entered in the District of the Canal Zone, this court is without jurisdiction to grant the relief. It opposes plaintiff's alternative demand on the basis that the parties entered into a bona fide settlement agreement and on the undisputed facts it is not guilty of any actionable negligence.

In its first demand for relief, plaintiff "moves for reinstatement of the [original] case" for the reason that "the 'settlement' was fraudulent, unauthorized, invalid, and inadequate."[9] Although it makes no specific reference to Rule 60(b) F.R.C.P., plaintiff's "motion" seeks to reopen the proceeding of the District of the Canal Zone against the Panama Canal Company after entry of a final judgment.

■ Rule 60(b) F.R.C.P. defines the circumstances under which the court may relieve a party from a final judgment. It contemplates two distinct procedures. The first is by motion. The rule provides six grounds upon which relief by motion can be granted including "(3) fraud . . . misrepresentation, or other misconduct of an *adverse party*" (emphasis supplied) and "(6) any other reason justifying relief from the operation of the judgment." This procedure is intended to provide relief from a judgment "by motion in the court and in the action in which the judgment was rendered."[10] The motion for relief is considered ancillary to or a continuation of the original suit[11] and requires no independent jurisdictional ground.

---

7. Upon the October 1, 1979 entry in force of the Panama Canal Treaty of 1977, the Republic of Panama assumed plenary jurisdiction over the former Canal Zone. However Article XI, ¶ 1 of the Treaty provided a thirty-month transition during which the United States Courts in the Republic of Panama were denied jurisdiction over new cases but Article XI, ¶ 6 granted full jurisdiction during the transition to dispose of cases "already instituted and pending before the courts prior to the entry into force of [the] Treaty."

8. Complaint ¶ 3.

9. Complaint ¶ 11.

10. Advisory Committee Note of 1946 amendment to subdivision (b) of Rule 60 Fed.R.Civ. Pro., reprinted in 6A Moore's Federal Practice § 60.01[8].

11. *Bankers Mortgage Company v. United States,* 423 F.2d 73, 78 (5th Cir.1970), *cert. denied* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970).

■ Obviously, since the action in which the judgment plaintiff complains of was rendered in the District of the Canal Zone, no other court has jurisdiction to set it aside by motion.

■ The second procedure contemplated by Rule 60(b) is an independent action for relief from judgment under the so-called "savings clause" of Rule 60(b) which provides in part:

> This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment ..., or to set aside a judgment for fraud upon the court.

The independent action for relief may or may not be brought in the district which rendered the judgment [12] but Rule 60(b) creates no substantive right. Therefore, in order for a Court other than the one rendering judgment to entertain a separate suit for relief of that judgment there must be independent subject matter jurisdiction.[13] Because I find there is no subject matter jurisdiction over plaintiff's claim, the government's motion must be granted.

The original grant of jurisdiction to the United States Courts in the Republic of Panama included "all causes in equity; admiralty and all cases at law involving principle sums exceeding $300."[14] In addition, actions were authorized to be brought against the governor of the Panama Canal only for "injury to vessels, cargo, or passengers from the passing of vessels through the *locks* under the control" of Canal employees (emphasis added).[15] No provision was made for injury or loss which might occur outside of the locks.

In June 1934, Congress adopted the Canal Zone Code which established the permanent laws relating to or applying in the Canal Zone.[16] It too lacked provision for suit against the Panama Canal Company for injury or damage occurring outside of the locks. A cause of action against the United States for injuries outside the locks was not added to the Canal Zone Code until 1940.[17]

In 1949, Congress made the jurisdiction of the United States Courts in the Canal Zone exclusive in cases against the United States involving the operation of the Canal by the Panama Canal Company. In the same year, the provisions of the Federal Tort Claims Act [18] establishing jurisdiction over a claim against the United States for damages caused by the fault of an employee of the government were amended to specifically exclude "any claim arising from the activities of the Panama Canal Company."[19]

The Panama Canal Act of 1979 implementing the Treaty failed to adopt the general waivers of immunity included in the Canal Zone Code. Instead it provided that no action for injury or damage of vessels, cargo, crew or passengers of vessels would lie against the United States or the Commission or any officer or employee of the United States except for injuries "to vessels, or to cargo, crew, or passengers which may arise by reason of their passage through the locks of the Panama Canal under the control of officers or employees of the United States."[20] All other claims against the Commission are restricted to the administrative remedy provided by § 3761(a) of the Act without the benefit of judicial review. Venue for actions on claims arising under the Act was set in the

---

12. Advisory Committee Note of 1946 amendment to subdivision (b) of Rule 60 F.R.C.P., reprinted in 6A Moore's Federal Practice § 60.-01[8].

13. *Bankers Mortgage,* 423 F.2d at 78–79; Moore's Federal Practice, § 60.38[1].

14. Act of August 24, 1912, 37 Stat. 560, 569 (Section 8).

15. Act of August 24, 1912, 37 Stat. 560 (Section 5).

16. Act of February 27, 1933, 47 Stat. 1124.

17. Act of June 13, 1940, 54 Stat. 387.

18. 28 U.S.C. § 2671 et seq.

19. 28 U.S.C. § 2680(m); *Gardner v. Panama Railroad Co.,* 342 U.S. 29, 30, 72 S.Ct. 12, 13, 96 L.Ed. 31 (1951).

20. 22 U.S.C. § 3761, 3771.

United States District Court for the Eastern District of Louisiana.[21]

 Except in the case of an express waiver, the United States is immune from liability. *United States v. Testan,* 424 U.S. 392, 399; 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *United States v. Sherwood,* 312 U.S. 584, 586; 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941).

The limitation of the liability of the United States and the Panama Canal Commission imposed by Congress in the Act of 1979 is not without historic precedent but is indeed the same limitation which Congress imposed prior to 1940. *Compagnie Generale T. v. Governor of the Panama Canal,* 90 F.2d 225 (5th Cir.1937). This restriction is also consistent with the express exclusion of claims arising from activities of the Panama Canal Company from the Federal Tort Claims Act.

Plaintiff's second claim against the United States is for the negligence of the United States attorney in having paid the proceeds of the judgment to Newell. The United States has authorized suits against it for the negligence of its officers other than employees of the Panama Canal Company or Commission including the United States attorney in the Federal Tort Claims Act.[22] The Act requires however as a jurisdictional prerequisite that the claim first be presented to an appropriate federal agency:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . .[23]

 The plaintiff has failed to either allege or demonstrate that it has complied with the jurisdictional prerequisites of the Federal Tort Claims Act by filing a claim for damages with the appropriate Federal

Agency. Accordingly, I lack jurisdiction to consider these claims. *Ducharme v. Merrill-National Laboratories,* 574 F.2d 1307, 1311 (5th Cir.1978), *cert. denied* 439 U.S. 1002, 99 S.Ct. 612, 58 L.Ed.2d 677 (1979).

Because I lack jurisdiction over the subject matter of this case, defendant's motion to dismiss is GRANTED.

---

**21.** 22 U.S.C. § 3776.

**22.** 28 U.S.C. § 1346(b).

**23.** 28 U.S.C. § 2675(a).