Robyn Lee HUSTED, Louis C. Husted, her husband, individually, and as parents and guardians of Kyle Husted and Brian Husted, minors, Plaintiffs,

v.

UNITED STATES of America, Ford Motor Company, Howe Fire Apparatus, Inc. and Federal Signal Corp., Defendants.

No. 84–0019–CIV.

United States District Court,
S.D. Florida,
Miami, Division.

Jan. 28, 1985.

Reginald M. Hayden, Jr., Hayden & Milliken, P.A., Miami, Fla., for plaintiffs.

John D. Golden, Rumberger, Wechsler & Kirk, E.S. Corlett, III, Corlett, Killian, Hardeman, McIntosh & Levi, P.A., Frank R. Angones, Adams Hunter Angones & Adams, Miami, Fla., for defendants.

## ORDER DISMISSING CAUSE

EDWARD B. DAVIS, District Judge.

THIS MATTER is before the Court upon various Motions by all four Defendants to dismiss. The Court held a hearing on January 3 at which all the parties were given an opportunity to be heard. After careful consideration of the lengthy memoranda the parties have submitted, as well as what was brought out at the hearing, it is hereby

ORDERED AND ADJUDGED that the cause is DISMISSED as to all four Defendants.

The action arose out of an automobile accident in the Panama Canal Zone. Robyn Lee Husted and her two children were injured when their car was hit by a fire truck on January 12, 1982. They claim that the siren on the fire truck was not loud enough

to be heard from inside a car with the air conditioner and radio on.

Plaintiffs sued four defendants in their original Complaint. It was alleged that the United States negligently operated the truck; that Ford Motor Company negligently manufactured it; that Federal Signal Corporation negligently manufactured the siren; and that Howe Fire Apparatus negligently installed it. An Amended Complaint, filed in response to a Motion to Dismiss by the United States, added a count against the United States for its alleged actions in negligently approving, certifying and inspecting the fire truck.

■ The United States' first Motion to Dismiss was predicated on sovereign immunity. The argument was as follows: first, unless the United States consents to suit, it is immune. Second, while the Federal Tort Claims Act does allow tort suits against the United States, it does not apply to any claims arising in a foreign country or out of the activities of the Panama Canal Company. 28 U.S.C. § 2680(k) & (m). Third, the Panama Canal Act of 1979, 22 U.S.C. § 3601 *et seq*, provides for general immunity regarding actions against the United States or its Panama Canal Commission for actions arising in the Canal Zone. *Id.* § 3761(d). Aside from a waiver of immunity regarding accidents occurring in the locks of the Canal, 22 U.S.C. § 3771, the Act's only exception is that it allows the Commission to settle claims for under $50,-000.

■ Defendant United States' argument is correct, and thus the cause of action regarding negligent actions or omissions in the Canal Zone must be dismissed. Plaintiffs argue that § 3761(d) does not apply to them because it only applies to "action[s] for damages cognizable under this part ..." As this claim is for over $50,000, Plaintiffs argue that their cause of action is not "cognizable under this part." While this argument seems to make a good deal of sense, it does not help Plaintiffs' position, as they are still left without an exception to the United States' sovereign immunity.

The Court does note that this rule seems to create a harsh anomaly: if one is injured by the United States in the Canal Zone in an amount under $50,000, one may collect damages, but if the injury is greater, one collects nothing. But this is Congress' statutory directive. Plaintiffs have failed to point to any authority that might show that Congress intended otherwise.

■ Plaintiffs' Amended Complaint alleges actions by the United States within United States borders, in an attempt to fall within the Federal Tort Claims Act's waiver of immunity. It alleges that the United States failed to properly inspect, approve and certify the fire truck when it was procured in the United States. As Defendant United States points out, Plaintiffs failed to present this claim before the appropriate federal agency, a required prerequisite to bringing a Federal Tort Claims Act action. 28 U.S.C. § 2675. The Complaint alleges that the claim for negligent actions within the Canal Zone was raised before the Commission, but the claim based on negligent inspection and approval was not brought there. Also, Plaintiffs have failed to allege which federal agency actually procured the truck, and have failed to allege that they presented the claim before said agency. This failure is jurisdictional. *Golden Panagia Steamship v. Panama Canal Comm'n*, 557 F.Supp. 340 (E.D.La.1983).

■ The remaining defendants raise a number of grounds in their motions to dismiss, but the Court need address only one. Because the accident occurred on January 12, 1982, and the Complaint was filed on January 5, 1984, Plaintiffs' claims are barred by Panama's one-year statute of limitations. To reach this conclusion it is not necessary to decide what body of law applies. If Panama law applies, so does its one-year statute. If Florida law applies, its law holds that if the cause of action arises in a foreign country, and that country's laws forbid maintenance of the action because of lapse of time, the action is barred in Florida. Fla.Stat. § 95.10. A cause of action arises, for limitations purposes, where the last act necessary to establish liability occurs. *Colhoun v. Greyhound*

*Lines, Inc.,* 265 So.2d 18, 21 (Fla.1972). In this case the last act was the accident in Panama. Thus, whether Panama or Florida law applies here, the action is barred by Panama's one-year statute of limitations.