TJOFLAT, Circuit Judge,
specially concurring:
In the panel opinion in- this ease, this court noted that
[o]ur probable-cause inquiry ... is limited to the factual findings drawn from the evidence put forth by the government in support of probable cause.... Because Stanford did not testify during the probable cause portion of the hearing, we do not consider fact findings based upon Stanford’s forfeiture-hearing testimony when we review whether the government established probable cause.
United States v. $242,484.00, 351 F.3d 499, 505 n. 9 (11th Cir.2003), reh’g en banc granted, 357 F.3d 1225 (11th Cir.2004). The full court now follows suit. It holds that in determining whether the Government established probable cause, “we confine ourselves ... to the evidence introduced by the government in the first phase of the bench trial, where the government had the burden to show probable cause,” 1.e., during the Government’s case-in-chief. Ante at 1156 n. 4. We are not to consider the evidence Stanford presented after the Government rested and the court denied her motion for judgment, even though that evidence, at least in part, bolstered the Government’s case.[1]
In limiting its review to the evidence presented in the Government’s case-in-chief, the court overlooks the rule that where, as here, the trial judge does not grant the defendant’s motion for judgment made at the close of the plaintiffs case and the defendant proceeds with its defense and presents evidence, the judge must consider that evidence along with the evidence the plaintiff introduced (in its case-in-chief or on rebuttal) in deciding whether the plaintiff should prevail. And if the court grants the plaintiff judgment and the defendant appeals, the rule is that the court of appeals likewise must consider all of the evidence in entertaining the defendant’s argument that the plaintiff failed to prove its claim.
I write separately because this case presents no principled reason for disregarding this rule. As I point out in Part II below, the analytical approach to the question this appeal poses — -whether the trial judge erred in considering the evidence Stanford introduced in deciding whether the Government established probable cause — is provided by the Federal Rules of Civil Procedure and the case law implementing them. Therefore, since the Federal Rules of Civil Procedure provide the framework for deciding Stanford’s appeal, today’s decision will apply in all cases tried under those rules.[2]
*1169 Concerned that the rule I have described does govern our review of the district court’s probable cause determination in this case, the court carves out a fallback position. The court need not follow the rule because the parties’ briefs — to the panel and to the court on rehearing en banc — failed to cite the rule. Ante at 1156 n. 4. The Government’s brief writer, apparently ignorant of the rule, unwittingly agreed with Stanford that we should resolve the probable cause issue without considering the evidence Stanford presented after the district court declined to grant her motion for judgment made at the close of the Government’s case-in-chief.[3] In Part III, I demonstrate the fallacy of the court’s fall-back position. It has no currency in law; what is worse, it is destined to breed considerable mischief.
I.
At the close of the Government’s casein-chief, Stanford orally moved the district court “to dismiss the verified complaint ... on the basis [that] the government ha[d] not satisfied its burden.” After hearing argument from the parties, the court made a tentative ruling that the Government had satisfied its burden to show probable cause. This ruling was not final.[4] Rather, the court said it would later “try to write the best decision” it could, and then encouraged the parties to consider settlement. After issuing this tentative ruling, Stanford proceeded with her de *1170 fense — in rebuttal of the Government’s case-in-chief and in support of her “innocent owner” claim. For the most part, this defense consisted of her own testimony.
*1169 I think ... the case comes down to ... the probable cause stage and whether there's a drug nexus....
I am going to try to enter a written order in this case rather than try to announce a decision now.... And I will try to deal with all of these issues because I, frankly, think it's a very close question on the probable cause, at that level, given the cases both ways.
*1170 In its dispositive order, the court considered the .evidence Stanford presented. Some of this evidence related directly to the issue of probable cause.[5] First, the court noted the deficiencies in Stanford’s testimony about the workings of her business, Mike’s Import and Export USA, Inc. (“Mike’s”), and how her business came to acquire the money the Government sought to seize:
Ms. Stanford claimed that the money derived from [Mike’s], of which she at all times has been a principal. She testified that Mike’s at times would receive money from Surinamese individuals in the New York area, which would be used to buy goods and ship them to recipients in Surinam. It would seem relatively simple for Ms. Stanford to have come forth with proper documentation of this, such as receipts for the money received. At trial, Ms. Stanford failed to explain exactly how Mike’s made money on a transaction such as the one described.
Second, the court found it peculiar that Stanford was unable to identify the people who gave her the money or the people she stayed with in New York:
[W]hen questioned at trial, Ms. Stanford claimed that she had stayed in Brooklyn with “some friends,” whom she claimed to be “friends of long-standing,” although she could not identify these “friends.” At trial, she testified that she picked up the money from two men whom she could not identify at a café in Brooklyn that she could not describe. The Court finds this lack of knowledge probative on the issue of the legitimacy of the money.
Third, the court considered the fact that Mike’s did not typically transact business in the way Stanford alleged in her testimony:
At trial, the government offered evidence of various wire transfers between banks in New York and Mike’s. See Gov’t Exhs. 25, 26.[6] This was not a business unfamiliar with wire transfers. However, none of the wire transfers approached the amount of cash carried by Ms. Stanford. Moreover, while the records show some cash deposits, all were of small amount. Mike’s business records do not provide any explanation for this transaction.
Finally, the findings of fact, upon which the court premised its conclusions of law,[7] clearly derive from a consideration of the testimony of both Government witnesses and Stanford herself. See Mem. Op. at 4 n.4 (“Ms. Stanford denied that Agent Miles poked holes in the wrapping, although she acknowledges giving the agent consent to look into the backpack itself.”); id. at 5 n. 5 (“At trial, Ms. Stanford testified that it was her brother Wilbert, who at that time in 1998 was associated with Mike’s Import *1171 and Export USA, Inc., who had called her in New York.”).
Thus, in reaching its judgment, the district court considered, and relied upon, evidence introduced during Stanford’s case. Much of this evidence was germane to a determination of probable cause. We are required to take it into account, as I explain in Part II.
II.
A.
The Federal Rules of Civil Procedure (the “Civil Rules”), as modified by the Supplemental Rules for Certain Admiralty and Maritime Claims (the “Supplemental Rules”), govern the litigation of in rem forfeiture proceedings.[8] See 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1020, at 92 (2d ed. 1995) (“The Federal Rules of Civil Procedure are ... applicable to actions for forfeiture of property for violation of a statute of the United States.”). The Supplemental Rules prescribe the pleadings necessary to bring an in rem forfeiture action to issue. Rule C(2) specifies what the complaint must contain.[9] Rule C(6)(a) tells a party claiming “an interest in or right against the property subject to the forfeiture action” how it is to respond to the complaint. Within the time period set by the Rule, the claimant must file a “verified statement identifying [its] interest or right” in the property and thereafter an “answer.”[10] The issues in this case were joined in that manner. The Civil Rules *1172 thereafter governed the litigation of the case, including the conduct of the trial.
The rule that provides the answer to the question whether the district court erred when it took Stanford’s testimony into account in resolving the probable cause issue is Civil Rule 52(c). That rule reads as follows:
If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of all the evidence. Such a judgment shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule.
In addressing a Rule 52(c) motion, the court does not view the evidence in the light most favorable to the nonmoving party, as it would in passing on a Rule 56 motion for summary judgment or a Rule 50(a) motion for judgment as a matter of law; instead, it exercises its role as factfinder. See Caro-Galvan v. Curtis Richardson, Inc., 993 F.2d 1500, 1504 (11th Cir.1993) (“[Ujnder [Rule 52(c) ], ‘the court must weigh the evidence and may consider the witnesses’ credibility.’ ” (quoting Chris Berg, Inc. v. Acme Mining Co., 893 F.2d 1235, 1238 n. 2 (11th Cir.1990))).[11]
As recited in Part I, supra, the district court tentatively denied Stanford’s motion for judgment made at the close of the Government’s case-in-chief. Because the ruling was only a tentative, non-binding one, its effect was the same as a reserved ruling. This court addressed a similar reserved ruling in Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., a case in which the defendants moved for judgment as a matter of law pursuant to Civil Rule 50(a) at the close of the plaintiffs case., 162 F.3d 1290, 1305 n. 31 (11th Cir.1998). We questioned whether the trial judge, and this court on review, could revisit'the motion without taking into account the evidence the defendants presented to the jury after the court reserved ruling. Our answer was that
Rule 50(a) does not authorize a trial judge, after the defense has presented its case (in whole or in part), to revisit, and grant, a defense motion for judg *1173 ment as a matter of law made at the close of the plaintiffs case without considering, in addition to the evidence presented in the plaintiffs case, the evidence presented by the defense.
Id. In other words, when a trial court reserves ruling on a motion for judgment as a matter of law, it effectively denies the motion. See 9A Wright & Miller, supra § 2573.1, at 495-96 (“Although in some cases federal courts formally reserve[ ] decision on the motion at the close of a plaintiffs case until all the evidence had been heard, nothing turns on whether the trial judge does this or merely denies the earlier motion.”).
The same result obtains where the court makes a “tentative ruling,” as the trial judge did in this case. Our predecessor circuit long ago recognized that a tentative ruling on a motion for judgment made during a bench trial similarly lacks the binding force of a granted motion:
The trial judge may conclude, as occurred in this case, that it is inadvisable to sustain the defendant’s motion midway in the trial and that the trial should be completed. The denial amounts to no more than a refusal to enter judgment at that time, a tentative and inconclusive ruling on the question of the plaintiffs proof. It does not preclude the trial judge from making, at the conclusion of the case, findings and determinations at variance with his prior tentative ruling.
Weissinger v. United States, 423 F.2d 795, 797-98 (5th Cir.1970) (en banc).[12]
Thus, the district court’s tentative ruling was the functional equivalent of a reserved ruling on the issue of probable cause. See id. The court essentially told the parties how it would likely, but not certainly, rule. Once the court heard Stanford’s testimony, it was powerless to ignore it, even for the purposes of revisiting the earlier tentative ruling.
Under the approach the court endorses today, a defendant is given two bites at the apple. A defendant who unsuccessfully moves the court for judgment at the close of the plaintiffs case can put on its case with the knowledge that the court will revisit its motion without considering any of the evidence it presented. Thus, at the end of the day, the defendant will have two shots at the sufficiency of the plaintiffs claim. The first will be based on the record as it stood at the close of the plaintiffs case; the second will be based on the record of the trial as a whole.[13]
In criminal cases, the defendant is expressly given two bites at the apple. See Fed.R.Crim.P. 29(b) (“If the court reserves decision [on the defendant’s motion for judgment of acquittal], it must decide the motion on the basis of the evidence at the time the ruling was reserved.”); id. advisory committee’s note to 1994 amendments (“Reserving a ruling ... does pose problems ... where the defense decides to present evidence and run the risk that such evidence will support the government’s case. To address that problem, the amendment provides that the trial court is to consider only the evidence submitted at the time of the motion in making its ruling, *1174 whenever made”)-[14] When the drafters of the procedural rules have intended the outcome dictated by the court’s approach, therefore, they have been able to express themselves clearly. In a criminal case, if the court reserves ruling on his motion for judgment of acquittal, the defendant may proceed with his defense in the knowledge that even if the evidence he produces establishes his guilt, the court will not consider that evidence in ruling on his motion. As explained above, however, this is not the rule in civil cases — whether tried to the bench or a jury.
B.
The court does not doubt the validity of my “approach in the typical civil case and in most future forfeiture cases (given the amendment of the statute),” but says that it is inapplicable in this case. Ante at 1156 n. 4. The court explains itself thusly:
In the typical civil case the same party, the plaintiff, has the burden throughout the trial, and in that context it makes sense to consider all of the evidence presented during the trial in determining whether the plaintiff has met its continuous burden. The authorities cited in the concurring opinion speak to that normal circumstance. But this case is different because of the unusual burden-shifting procedure employed in the forfeiture statute that governs it. Under the pre-amendment version of this statute, the government bears the burden of establishing probable cause, and once it has done so the burden shifts to the defendant to establish by a preponderance of evidence either of two defenses, one which is the absence of an illegal drug connection to the property. One might make this argument against Judge Tjoflat’s position: It makes no sense to say that evidence introduced after the government has made the showing necessary to shift the burden to the defendant can be used to determine whether the government has made the showing necessary to shift the burden to the defendant.
Id. The court’s burden-shifting discussion is a red herring.[15] Under the former ver *1175 sion of the statute, it is the government’s burden to establish probable cause, and that burden remains with the government until the district court rules on that issue, which may not be until the end of the trial, as in this case.[16] It therefore does make sense to say that Stanford’s testimony can be used to determine whether the government established probable cause because the district court had not ruled on that issue when she testified. It is only when the defendant’s answer — filed pursuant to Rule C(6) of the Supplemental Rules— admits that the subject property is subject to forfeiture that the government is relieved of this burden.[17] Where the defendant’s answer denies that the property is subject to forfeiture, however, the government is put to the proof. If it fails to make out its case, the defendant prevails'— on the basis of its answer, not its innocent owner claim.
In the case at hand, the Government’s proof carried the day (and thus overcame Stanford’s answer), so it became Stanford’s burden to prove her claim that she was an “innocent owner’’ or that the cash was not connected to illegal drug activity. Stanford failed to do this, and the court therefore entered judgment for the Government.
What I have said applies with equal force in cases brought under the amended version of the statute. The same procedural rules apply; thus, if the defendant’s answer to the government’s complaint denies the conduct rendering the property forfeitable, the government must prove its case. Where, as here, the government’s complaint alleges that the property is forfeitable under 21 U.S.C. § 881(a)(6), the only material difference between the forfeiture model we must use and the forfeiture model the amended version has fashioned is that the former requires the government to show “probable cause” to believe that the property is connected to an illegal drug transaction while the latter requires the government to show such connection by “a preponderance of the evidence.”[18]
*1176 III.
As I establish in Part H.A., when Stanford chose to present evidence after the district court tentatively denied the motion for judgment she made at the close of the Government’s case, she lost the right to have the district court revisit the motion. By the same token, she lost the right to have this court decide whether the district court should have granted the motion.[19] Today, we resurrect that right because “neither party has argued” the point I make — that the district court’s decision not to grant Stanford’s motion for judgment is not reviewable. Ante at 1156 n. 4. We “will ... decide the case as the parties have argued it to us.” Id. What the court is really saying is that if the appellee does not inform this court in its answer brief that the appellant “waived” her right to appeal the district court’s refusal to grant her motion for judgment, we will review the court’s ruling on the merits. We will do this even though the ruling is no longer open to appellate review even under the plain-error doctrine. Cf. United States v. Olano, 507 U.S. 725, 733-34, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993) (holding that in criminal cases plain error review extends to forfeited but not intentionally waived errors under the plain-error doctrine).[20]
The court cites no authority for taking this step. I know of no precedent or legal writing of any kind that supports the proposition that if the appellee does not object, the appellate court will consider on the merits an objection the appellant has waived. What the court is saying is that it will review an objection the appellant has waived — meaning, we will review an error the district court did not make. Put another way, if the appellee — whether deliberately or through sheer negligence — does not defend the district court’s judgment by pointing out that the appellant waived the objection she is advancing on appeal, we will consider the objection, notwithstanding the rule of law that bars us from doing so. And if we agree with appellant’s argument, we will vacate the judgment.
The court justifies its position in part because, in its view, the district court failed to realize that it could not revisit Stanford’s motion at the close of all the evidence. In short, like the Government’s counsel, the district court went to sleep at the switch. This is no justification. The Federal Reporter is chocked full of cases in which the court of appeals affirmed the district court judgment for a reason the district court overlooked. If we are going to let the integrity of the district court’s judgment turn on the quality of the appel-lee’s answer brief, then we ought to provide the district court with a copy of the brief and grant it leave to comment on the briefs shortcomings. We frequently do this in entertaining mandamus petitions. If the petition appears meritorious on its face, we invite a response from the district court.
This cannot be the result the court intends. As a result, it commits error by consenting to custom-made procedural rules resulting from, at best, the ignorance of the parties, or, at worst, an admixture of *1177 the appellant’s ingenuity and the appellee’s apathy. Thus, although I would reach the same result as the court in this case, I would do so within the plainly applicable Federal Rules of Civil Procedure and forfeiture statutes.
EDMONDSON, Chief Judge, dissents.

. In this case, the defendant is $242,484.00, and Stanford is the claimant. As a practical matter, Stanford stands in the shoes of a defendant in an in personam civil action. Thus, as I note in the text infra, pursuant to Rule C(6)(a)(i) and (iii) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Stanford responded to the Government's complaint by filing (1) a verified claim "identifying [her] interest or right” in the "property that is the subject of the action” and (2) an "answer.”

. Moreover, in cases tried to the bench, a defendant reading today's decision will be led *1169 to believe that after the trial judge has either denied, tentatively denied, or reserved ruling on its motion for judgment made at the close of the plaintiff's case-in-chief, the judge will rule on the sufficiency of the plaintiff's case at the end of the day without considering any of the evidence the defendant introduced — including evidence that buttressed the plaintiff’s claim. Trial judges, in turn, will be led to believe that it matters not whether they deny, tentatively deny, or reserve ruling on the defendant's motion for judgment made at the close of the plaintiff's case-in-chief; they can revisit the motion after the defendant has put on its case without considering any of the evidence the defendant (or the plaintiff in rebuttal) adduced. Finally, because today's decision cannot be limited to in rem forfeiture proceedings, subsequent panels of this court will be called upon to entertain arguments — • in civil cases tried to the bench — that the trial court erred in not granting the defendant’s motion for judgment made at the close of the plaintiff's case-in-chief.

. "Another good reason not to decide whether Judge Tjoflat's position is correct is that neither party has argued it to-us. Both sides have limited their arguments to whether the evidence the government put in during the probable cause part of the trial was sufficient to show probable cause.” Ante at 1156 n. 4. Stanford would have met with a slam-dunk defeat had she included in her probable cause challenge (in this appeal) the evidence she introduced after the court tentatively denied her motion for judgment made at the close of the Government's case-in-chief. That is why she insisted on the limited review the court employs. Consequently, when the court says that the parties limited their arguments to the evidence presented during the Government's case-in-chief, what it should really be saying is that the Government, in its answer brief, failed to point out that by putting on a case after her motion for judgment was denied, Stanford waived her right to appeal the court's refusal to grant her motion.

. The court issued its ruling from the bench: "[Wjhat I am going to tell you now is a tentative ruling because we are going to enter a written order....” The court's language at the conclusion of the hearing also suggests that the ruling at the close of Government's evidence was tentative. At that point, the court stated:

. Much of what is cited here comes from the district court's dispositive order, section C, entitled "Claimant’s Burden” and relates to the probable cause issue.

. The Government introduced exhibit 25 during its case-in-chief, in the course of Agent Kenneth Miles's testimony. On the other hand, the Government introduced exhibit 26 on cross-examination of Stanford. This shows an additional risk that a claimant takes in presenting her own evidence. Not only might the claimant present evidence that is damaging to herself, but the government may adduce damaging evidence on cross-examination.

.Indeed, the court expressly noted that ”[i]t is upon the above-related facts that the Court bases its decision.” Mem. Op. at 5.

. Rule A of the Supplemental Rules entitled “Scope of Rules,” states, in relevant part:
These rules ... apply to the procedure in statutory condemnation proceedings analogous to maritime actions in rem, whether within the admiralty and maritime jurisdiction or not....
The general Rules of Civil Procedure for the United States District Courts are also applicable to the [in rem] proceedings except to the extent that they are inconsistent with these Supplemental Rules.

. Rule C(2) ("Complaint"), as amended in 2000, states, in relevant part:
In an action in rem the complaint must:
(a) be verified;
(b) describe with reasonable particularity the property that is the subject of the action;
(d) in a forfeiture proceeding for violation of federal statute, state:
(i) the place of seizure and whether it was on land or on navigable waters;
(ii) whether the property is within the district, and if the property is not within the district the statutory basis for the court’s exercise of jurisdiction over the property; and
(iii) all allegations required by the statute under which the action is brought.
Rule C(2), as it read at the time the Government filed its complaint in this case, read, in relevant part:
In actions in rem the complaint shall be verified on oath or solemn affirmation. It shall describe with reasonable particularity the property that is the subject of the action and state that it is within the district or will be during the pendency of the action. In actions for the enforcement of forfeitures for violation of any statute of the United States the complaint shall state the place of seizure and whether it was on land or on navigable waters, and shall contain such allegations as may be required by the statute pursuant to which the action is brought.
For purposes of this case, the changes made by the 2000 amendment are immaterial.

.Rule C(6) ("Responsive Pleading; Interrogatories"), as amended in 2000, states, in relevant part:
(a) Civil Forfeiture. In an in rem forfeiture action for violation of a federal statute:
(i) a person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right:
(A) within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4), or
(B) within the time that the court allows.
*1172 (ii) an agent, bailee, or attorney must state the authority to file a statement of interest in or right against the property on behalf of another; and
(iii) a person who files a statement or interest in or right against the property must serve and file an answer within 20 days after filing the statement.
Rule C(6) ("Claim and Answer; Interrogatories”), as it read at the time the Government filed its complaint in this case, read, in relevant part:
The claimant of property that is tire subject of an action in rem shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action. If the claim is made on behalf of the person entitled to possession by an agent, bailee, or attorney, it shall state that the agent, bailee, or attorney is duly authorized to make the claim.
For purposes of this case, the changes made by the 2000 amendment are immaterial.

. In Caro-Galvan, we applied Civil Rule 41(b) as it read at the time that case was tried. We noted that the relevant "language was [subsequently] removed from Rule 41(b),” and "[i]ts substance is found in the current version of Rule 52(c).” Caro-Galvan, 993 F.2d at 1503 n. 7.

. In Bonner v. Prichard, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

. The same is true with respect to a plaintiff who fails to obtain judgment mid-trial on the sufficiency of a defense, introduces evidence in rebuttal, and once again moves the court for judgment. The plaintiff will make two arguments: first, the record as it stood at the close of the defendant’s case was insufficient to support the defense; second, the record as it stands at the close of all the evidence was insufficient to support the defense.

. Federal Rule of Criminal Procedure 29(b) was amended in 1994, and it now reads as quoted in the text. Before the amendment, we applied a different approach. In United States v. Brown, 53 F.3d 312, 314 (11th Cir.1995), we stated, "Defendants in criminal trials are not obliged to testify. And, a defendant who chooses to present a defense runs a substantial risk of bolstering the Government’s case.” Consistent with that rule, we said,
A defendant who presents evidence waives the right to appeal the denial of his Rule 29 motion made and denied at the end of the government's case. Instead, the law of this Circuit is that an insufficiency of the evidence claim ... will be reviewed taking into account all evidence presented in the case, including evidence put on by the defendant.
Id. at 314 n. 3.

. I find nothing in the forfeiture statute applicable here or in the amended version to support the notion that the burden of proof shifts to the defendant in this way. The court apparently overlooks the fact that both versions incorporate the Supplemental Rules (in particular, the rules I cite in Part II.A) by reference and, further, that the Federal Rules of Civil Procedure also apply (to the extent not inconsistent with the Supplemental Rules). Both the version of Supplemental Rule C(6) applicable in this case and the current version, see supra note 10, require the defendant to file an "answer” to the government's complaint. Neither version suggests the contents of the answer, so to comprehend what the answer might contain, we must look to Fed. R. Civ. P. 8(b), 12(b). Rule 8(b), which addresses the form of the defendant's "denials,” states that "[a] party ... shall admit or deny the averments upon which the adverse party relies.” Rule 8(b) surely authorized Stanford to file an answer denying the complaint's allegation that the Government had probable cause to believe that the *1175 $242,484 Stanford had in her possession were the proceeds of a drug transaction. Further, Rule 8(c) required Stanford to include in her answer "any ... matter constituting an avoidance or affirmative defense.”

. The forfeiture provision applicable in the instant case provides for the forfeiture to the United States of the proceeds of drug transactions subject to an innocent owner defense expressed in these words: "no property shall be forfeited ... to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.” 21 U.S.C. § 881(a)(6). To bring a civil forfeiture action and to prevail on the merits in this case, the government had to show "probable cause” that the property was subject to forfeiture under the applicable statute, i.e., 21 U.S.C. § 881(a)(6). See 18 U.S.C. § 981(d); 19 U.S.C. § 1615.

. In a case where the defendant cannot deny the complaint's allegations without running afoul of Fed.R.Civ.P. 11, the defendant would admit their truth. In that event, the trial would focus solely on the question whether the defendant was an innocent owner.

.The current forfeiture scheme is laid out in the following statutes: 21 U.S.C. § 881, Forfeitures; 18 U.S.C. § 981, Civil forfeiture, and 18 U.S.C. § 983, General rules for civil forfeiture proceedings. In brief, § 881(a) renders drug proceeds "subject to forfeiture,” and § 881(b) authorizes the Attorney General to seize such proceeds "in the manner set forth in [18 U.S.C. § ]981(b).” Section 981(b)(2)(A), in turn, authorizes the Attorney General to seize such proceeds "if a complaint for forfeiture has been filed in the United States District Court and the court issued an arrest warrant in rem pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims.” Section 983(c)(1) states that, in that forfeiture action, the government must prove by a preponderance of the evidence that the proceeds are subject to forfeiture. Section 983(d) provides for an *1176 "innocent owner” defense, which the defendant must establish by a preponderance of the evidence.

. In effect, by choosing to present her own evidence, Stanford put herself in the same position she would have been in had she never made a motion for judgment at all.

. If the court’s position is correct, then absent the plaintiffs objection, a district court may revisit at the end of the trial- — after the defendant has put on evidence that is germane to the plaintiffs case — its denial of the defendant’s motion for judgment made at the close of the plaintiffs case-in-chief.